UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA C. LOVE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AFFINIA DEFAULT SERVICES, L.L.C., et al.,<br><br>　　　　　Defendants. | Case No. 5:23-cv-01804-FLA (SHKx)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. 15]** |

1

On October 5, 2023, Plaintiff Linda C. Love ("Plaintiff," or "Love"), in pro se, filed an Ex Parte Application for Temporary Restraining Order ("Application"). Dkt. 15 ("Appl.").[1] Plaintiff requests the court enter a temporary restraining order preventing Defendant Affinia Default Services, L.L.C. ("Affinia") from foreclosing and recording a Notice of Trustee's Sale on the real property located at 19327 Broadacres Avenue, Carson, CA 90746 (the "Property"). *Id.* at 2–3. Plaintiff states Affinia recorded a "Notice of Default and Election to Sell Under Deed of Trust" (the "Notice of Default") on the Property on June 20, 2023, and can now file a default, notice of foreclosure, and Notice of Trustee's Sale on the Property. Dkt. 16 ("Appl. Mem.") at 21. According to Plaintiff, injunctive relief is necessary because she "faces the imminent foreclosure of her property and is precluded from potential sales if a buyer determines a lien notice is filed and[/]or foreclosure proceedings are in progress." *Id.* at 8.

Ex parte applications are requests made to the court outside the framework of the ordinary rules for notice of a hearing. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). Ex parte applications do not offer the opposing party a fair opportunity to respond and are "rarely justified." *Id*. at 490–91. To obtain ex parte relief, a moving party must present evidence to show that the moving party's cause will be "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and that "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id*. at 492.

---

[1] Plaintiff requests Magistrate Judge Shashi H. Kewalramani decide the subject Application. Appl. at 1–2. Pursuant to the court's General Order No. 05-07, available at: http://www.cacd.uscourts.gov/sites/default/files/general-orders/GO-05-07.pdf, magistrate judges lack the authority to decide applications for preliminary injunctive relief absent the consent of the parties. As Defendants have not stated whether they consent to allowing Magistrate Judge Kewalramani to decide this matter, this court will consider and address the Application.

     Plaintiff fails to meet her burden to demonstrate the need for ex parte relief. Plaintiff states she is facing imminent harm because Affinia recorded the Notice of Default on the Property on June 20, 2023, and may take further steps that could lead to a trustee's sale. *See* Appl. Mem. at 21. The Application and supporting papers, however, make clear that the trustee's sale has not yet been noticed and that Plaintiff's concerns regarding a foreclosure sale are only hypothetical currently and not imminent. Furthermore, Plaintiff waited over three months after the Notice of Default was recorded, and one month after filing the Complaint, to bring the subject Application, which demonstrates Plaintiff is not facing an immediate crisis that requires ex parte relief. Plaintiff does not offer any explanation for why her request for a preliminary injunction cannot be heard as a properly noticed motion, pursuant to Local Rules 6-1 and 7-3 through 7-5.

     Accordingly, the court DENIES the Application, without prejudice to its renewal if Defendants proceed with foreclosure proceedings and notice a trustee's sale for the Property. Plaintiff's Request for Judicial Notice (Dkt. 17) is DENIED as moot.

     IT IS SO ORDERED.

Dated: October 23, 2023

                                    FERNANDO L. AENLLE-ROCHA
                                    United States District Judge