Robert W. Norman, Jr. (SBN 232470)
Alexandra Coronado King (SBN 346621)
HOUSER LLP
9970 Research Drive
Irvine, California 92618
Telephone: (949) 679-1111
Facsimile: (949) 679-1112
E-Mail: bnorman@houser-law.com
E-Mail: acoronadoking@houser-law.com

Attorneys for Defendants,
Newrez LLC (fka Specialized Loan Servicing LLC) *erroneously sued as Specialized Loan Servicing, L.L.C* and FirstKey Master Funding 2021-A Collateral Trust, U.S. Bank Trust National Association as Collateral Trust Trustee, *erroneously sued as FirstKey Funding 2021-A U.S. Bank Trust National Association*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA C. LOVE,<br><br>    PLAINTIFF,<br><br>    V.<br><br>AFFINIA DEFUALT SERVICES, L.L.C.; SPECIALIZED LOAN SERVICING, L.L.C; FIRSTKEY FUNDING 2021-A U.S. BANK TRUST NATIONAL ASSOCIATION; AND DOES 1-20, INCLUSIVE<br><br>    DEFENDANT(S). | CASE NO:  5:23-cv-01804-FLA-SHK<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; AND DECLARATION OF ALEXANDRA CORONADO KING**<br><br>**[Fed. R. Civ. P. 12(b)(6)]**<br><br>[*Filed concurrently with the Request for Judicial Notice; [Proposed] Order*]<br><br>Hearing -<br>Date:  October 4, 2024<br>Time: 1:30 p.m.<br>Place: First Street Courthouse, 350 W. 1st Street, Courtroom 6B, 6th Floor, Los Angeles, California 90012<br><br>Case Filed: September 5, 2023<br>SAC Filed: August 19, 2024 |

**1**
**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on October 4, 2024 at 9:00 a.m. or as soon thereafter counsel may be heard in the above captioned court, located at First Street Courthouse, 350 W. 1st Street, Courtroom 6B, 6th Floor, Los Angeles, California 90012, the Honorable Fernando L. Aenlle-Rocha presiding, defendants Newrez LLC (fka Specialized Loan Servicing LLC), *erroneously sued as Specialized Loan Servicing, L.L.C* ("Newrez") and FirstKey Master Funding 2021-A Collateral Trust, U.S. Bank Trust National Association as Collateral Trust Trustee, *erroneously sued as FirstKey Funding 2021-A U.S. Bank Trust National Association* (the "Trust" and collectively, "Defendants") will, and hereby does, move to dismiss with prejudice the Second Amended Complaint, filed by plaintiff Linda C. Love ("Plaintiff") on August 19, 2024.

This motion is made pursuant to the Federal Rules of Civil Procedure 12(b)(6) on the grounds that the Complaint fails to state a claim upon which relief may be granted against Defendant. This motion is based on this Notice and Motion, the attached Memorandum of Points and Authorities in Support; any matters that may or must be judicially noticed; the pleadings and records on file in this action; and any further evidence, arguments, or authorities presented at or before the hearing of this Motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on August 26, 2024.

/ / /

/ / /

/ / /

Dated: September 3, 2024            **HOUSER LLP**

/s/  *Robert W. Norman, Jr.*
Robert W. Norman, Jr.
Alexandra Coronado King
Attorneys for Defendants,
Newrez LLC (fka Specialized Loan
Servicing LLC), *erroneously sued as*
*Specialized Loan Servicing, L.L.C*, and
FirstKey Master Funding 2021-A
Collateral Trust, U.S. Bank Trust National
Association as Collateral Trust Trustee,
*erroneously sued as FirstKey Funding*
*2021-A U.S. Bank Trust National*
*Association*

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................. 1

II.   FACTS ................................................................................................... 2

  A.   Loan History ................................................................................... 2

  B.   Procedural History .......................................................................... 3

III. ARGUMENT ........................................................................................ 5

  A.   The Statute of Frauds Bars all of Plaintiff's Claims ..................... 5

  B.   Plaintiff Fails to State a Claim for Violation of the Rosenthal Fair Debt Collection Practice Act, Civ. Code § 1788.30 ................................. 6

    1.   Plaintiff's Loan is enforceable until 2031 ................................ 6

    2.   Defendants Haven't Misrepresented the Debt........................... 7

  C.   Plaintiff Cannot State a Claim for Negligence Per Se .................... 8

    1.   An Underlying Claim of Ordinary Negligence Is Not Viable.... 9

  D.   Plaintiff Fails to State a Claim for Cancellation of Instruments ......... 10

  E.   Plaintiff Fails to State a Claim for Violation of Business and Professions Code §17200 ............................................................... 11

    1.   Plaintiff fails to allege any unlawful business practices.................. 11

    2.   Plaintiff fails to allege any unfair business practices. ............. 12

    3.   Plaintiff fails to allege any fraudulent business practices........... 12

    4.   Plaintiff Lacks Standing to Bring this Claim.......................... 13

  F.   Plaintiff Should Not Be Given Leave to Amend................................ 14

IV.  CONCLUSION .................................................................................... 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Altman v. PNC Mortg*. (E.D. Cal. 2012) 850 F. Supp. 2d 1057 ............................... 5

*Beatty v. PHH Mortg. Corp.,* No. 19-CV-05145-DMR, 2019 WL 6716295, at *14 (N.D. Cal. Dec. 10, 2019) ................................................................. 13

*Carter v. Bank of Am., N.A.* 2012 WL 12887542 (C.D. 2012) ............................. 11

*Cel-Tech Comm., Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal.4th 163, 180 (1999) ...................................................................................... 11, 12

*Comm. On Children's Television, Inc. v. Gen. Foods Corp.*, 673 P.2d 660, 212 (Cal. 1983) .............................................................................. 12

*Daro v. Superior Ct.,* 151 Cal.App.4th 109 (2007) .................................................. 13

*Drum v. San Fernando Valley Bar Ass'n*, 106 Cal. Rptr. 3d 46, 51 (2010) .......... 12

*Ellsworth v. Beech Aircraft Corp.,* 37 Cal. 3d 540, 544-45 (1984) ....................... 8

*Ephraim v. Metropolitan Trust Co. of California*, 28 Cal. 2d 824, 833, 172 P.2d 501 (1946) .......................................................................... 10

*Hutchins v. Nationstar Mortg. LLC*, 2017 WL 2021363, at *3 (N.D. Cal. May 12, 2017) ............................................................................................ 9

*Ingels v. Westwood One Broadcasting Services*, Inc. 129 Cal.App.4th 1050, 1060 (2005) ..................................................................................... 12

*Jackson v. Bank of Haw.,* 902 F.2d 1385, 1387 (9th Cir. 1990) ........................... 14

*Joe Hand Promotions, Inc. v. Alvarado*, 2011 WL 1544501 (E.D. 2011)............. 11

*Karlsen v. American Sav. & Loan Assn.* (1971) 15 Cal.App.3d 112 ...................... 5

*Krantz v. BT Visual Images*, 89 Cal.App.4th 164, 178 (2001).............................. 12

*Kwikset Corp. v. Superior Ct.,* 41 Cal.4th 310, 327 (2011) ................................... 13

*Lua v. So. Pac. Transp. Co.,* 6 Cal. App. 4th 1897, 1901 (1992) ........................... 8

*Lueras v. BAC Home Loans Serv*., LP, 221 Cal.App.4th 49, 81 ............................ 13

*Madrid v. Perot Systems Corp.,* 130 Cal.App.4th 440, 452 (2005) ...................... 14

*Moss v. U.S. Secret Serv.,* 572 F.3d 962, 972 (9th Cir. 2009)................................. 14

*Nymark v. Heart Fed. Savings & Loan Assn.,* 231 Cal.App.3d 1089, 1096 (1991) 9

*People ex rel. Kennedy v. Beaumont Investment,* Ltd., 111 Cal.App.4th 102 (2003)
................................................................................................................................ 14

*Quiroz v. Seventh Ave. Ctr.,* 140 Cal. App. 4th 1256, 1285 (2006) ........................ 9

*Rehbock v. Reservoir Hill Gasoline Co.* (1936) 14 Cal.App.2d 233, 257 ............. 10

*Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012) ......................... 7

*Rosal v. First Federal Bank of California*, 671 F.Supp.2d 1111, 1126 (N.D. Cal.
2009) ................................................................................................................... 12

*Secrest v. Security National Mortgage Loan Trust 2002–2* (2008) 167 Cal.App.4th
544, 547 ................................................................................................................ 5

*Sheen v. Wells Fargo Bank, N.A.* (2022) 12 Cal.5th 905 ....................................... 9

*Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001) ............... 12

*Telesaurus VPC, LLC v. Power,* 623 F.3d 998, 1003 (9th Cir. 2010) .................. 14

*Zendejas v. GMAC Wholesale Mortg. Corp.*, No. 10cv184 OWW, GSA, 2010 WL
2629899, at *7 (E.D. Cal. June 29, 2010) ......................................................... 10

Statutes

Cal. Civ. Code § 1788.17 ........................................................................................ 7

Cal. Civ. Code § 3294(c)(3) .................................................................................. 13

Cal. Civ. Code, § 882.020 ....................................................................................... 6

Cal. Civil Code § 3412 .......................................................................................... 10

California Evidence Code § 669................................................................................ 8

Civil Code § 1624.................................................................................................... 5

Civil Code § 1698.................................................................................................... 5

Civil Code § 2922.................................................................................................... 5

Civil Code sections 1624, 1698, and 2922 ............................................................. 5

Code Civ. Proc. §337................................................................................................ 6

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This case stems from a borrower's misunderstanding of the implications of a Chapter 7 bankruptcy discharge on a loan secured against real property. In 2010, Plaintiff received a Chapter 7 bankruptcy discharge and incorrectly believed her loan was eliminated. Consequently, Plaintiff initiated this lawsuit to challenge Defendants' contractual rights under the Note and Deed of Trust.

The Second Amended Complaint ("SAC") fails to present facts demonstrating Plaintiff's entitlement to the requested relief. Instead, the SAC presents several unintelligible conspiracy theories as to why Plaintiff's loan should no longer exist or is "time barred." Each theory is incorrect and unsupported by facts or law. First, Plaintiff erroneously asserts that the loan was "eliminated" due to the Chapter 7 bankruptcy discharge, ignoring the well-established law that liens secured by deeds of trust survive such discharges. Second, Plaintiff argues the loan is time barred by virtue of a four-year written contract statute of limitation. However, as a matter of law, the loan is enforceable until the year 2031. Third, Plaintiff claims that the prior servicer notified her that the loan was forgiven. However, modifications to the Note and Deed of Trust are subject to the statute of frauds, and Plaintiff does not allege that there was a written agreement forgiving her loan. Finally, Plaintiff argues that the loan was extinguished because the previous loan servicer declined to become a creditor in the 2010 bankruptcy proceeding. Defendants are unsure how to interpret this argument, as a mortgage servicer is not a creditor, and there is no law requiring a mortgage servicer to become a creditor in a bankruptcy proceeding. Even so, Plaintiff listed the loan as a liability in her bankruptcy Schedule D.

Each theory presented is unsupported, and the facts remain that despite Plaintiff's belief that the loan was extinguished, the Discharge Order did not impact the deed of trust secured against the Property. Defendants are compelled to bring

this motion because the SAC fails to state a plausible claim. Therefore, Defendants respectfully request the Court dismiss this lawsuit with prejudice.

## II.    FACTS

### A. Loan History

On December 11, 2006, Plaintiff obtained a loan secured against real property 119327 Broadacres Ave., Carson, California 90746 (the "Property") by a first position deed of trust (the "First DOT"), recorded on December 20, 2006, in Los Angeles County Recorder's Office as Document No. 20062833009. [RJN, Ex. 1 (First Position Deed of Trust).]

On December 11, 2006, Plaintiff also obtained home equity line of credit of $56,000 (the "Note") which was secured as second position deed of trust (the "Second DOT") against the Property, recorded on December 20, 2006, in Los Angeles County Recorder's Office as Document No. 06 2833010. (RJN, Ex. 2.) The Note and Second DOT are collectively referred to as the "Loan."

In or around, 2010, Plaintiff filed a voluntary petition for Chapter 7 bankruptcy in the California Central Bankruptcy Court, Case No. 2:10-BK-25056-VZ ("Ch. 7 Bankruptcy"). (SAC, ¶17.) Plaintiff scheduled the Loan as secured liability in her Ch. 7 Bankruptcy in her Schedule D. (RJN, Ex. 3) On or about October 7, 2010, the Ch. 7 Bankruptcy Court entered an Order of Discharge under section 727 of title 11, United States Code ("Discharge Order"). (RJN, Ex. 4.) Notably, the Discharge Order did not impact the Second DOT secured against the Property. *Id.* In fact the Discharge Order placed Plaintiff on notice of a creditor's right to enforce a lien:

> "This discharge prohibits any attempt to collect from the debtor a debt that has been discharged. . . [h]owever, a creditor may have the right to enforce a lien, a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy." (*Id* at 2.)

1       On November 30, 2022, the beneficial interest in the Second DOT was

2   assigned to the Trust. ( RJN, Ex. 5.) The Assignment of the Second DOT was duly

3   recorded on December 1, 2022. *Id.* On May 25, 2023, the Trust executed a

4   substitution of trustee substituting Affinia Default Services, LLC ("Affinia") as the

5   new trustee under the Second DOT. (RJN, Ex. 6.) On June 20, 2023, a Notice of

6   Default and Election to Sell Under the Deed of Trust (the "Notice of Default") was

7   duly recorded. (RJN Ex. 7.)

8   **B. Procedural History**

9       In an effort to halt the non-judicial foreclosure, on September 5, 2023,

10  Plaintiff commenced this action against defendants Newrez LLC (fka Specialized

11  Loan Servicing LLC) ("Newrez"), the Trust, and Affinia Default Services, L.L.C.

12  ("Affinia") [Dkt. No. 1].

13      On October 16, 2023, Defendants Newrez and the Trust filed a Notice of

14  Motion and Motion to Dismiss Case because the Complaint failed to state a claim

15  entitling Plaintiff to the relief requested. [Dkt. No. 19]. The motion was set for

16  hearing on November 17, 2023. The Motion to Dismiss was filed pursuant to Local

17  Rule 7-3 and concurrently with a Request for Judicial Notice [Dkt. No. 20] and a

18  Proposed Order.

19      Plaintiff was required to file an Opposition by October 27, 2023. *See* Local

20  Rule 7-9. Plaintiff failed to do so. On November 13, 2023, the Court entered an

21  order requiring that Plaintiff either respond to the Order to Show Cause: why the

22  action should not be dismissed or file an opposition to Defendants' Motion to

23  Dismiss the Complaint. [Dkt. No. 39.] On November 17, 2023, Plaintiff filed an

24  Opposition to the Motion to Dismiss Case which reiterated Plaintiff's misguided

25  arguments. [Dkt. No. 44]. On December 6, 2023, Defendants Newrez and the Trust

26  filed a Reply in support of their Motion to Dismiss (Dkt. 19 ). [Dkt. No. 48].

27      On December 14, 2023, the Court entered an (In Chambers) Order taking

28  the Motion to Dismiss Case (Dkt. No. 19) under submission. On January 14, 2024,

while Defendants' Motion to Dismiss was under submission, Plaintiff retained counsel and improperly filed an amended complaint. Undersigned counsel emailed Plaintiff's counsel proposing that the parties mutually agree that there is no need respond to the improperly filed amended complaint until after the court ruled on Defendant's Motion to Dismiss Case. (*See* Declaration of Alexandra Coronado King "ACK Decl.", ¶2 ). The parties agreed that no further action needed to be taken until the Court issued an order on the Motion to Dismiss the Complaint. *Id* at ¶3.

On May 6, 2024, the parties filed a Joint Request for a ruling on Defendants' Motion to Dismiss (Dkt. No. 66). On May 8, 2024, the Court ordered that the parties meet and confer to discuss Plaintiff's unauthorized filing of the First Amended Complaint (Dkt. No. 67). The parties met and conferred on May 13, 2024. (ACK Decl., ¶4.) Plaintiff's counsel proposed a Second Amended Complaint and did not wish to treat the previously filed amended complaint as the operative complaint. *Id.* Plaintiff's counsel provided Defendants with a copy of the proposed Second Amended Complaint and advised that he intended to file a Motion for Leave to Amend. *Id.* Technically, the SAC is Plaintiff's third attempt at amending her complaint. Defendants opposed Plaintiff's Motion for Leave to Amend because the motion was made after the scheduled deadline for leave to amend and the proposed Second Amended Complaint demonstrated that amendment would be futile. Plaintiff was granted an extension on July 22, 2024, when she was granted leave to amend three months after the scheduled deadline for amending pleadings. [Dkt. No. 77]. Despite this extension, Plaintiff failed to meet the deadline, and the Court entered an Order to Show Cause Why The Court Should Not Dismiss The Action For Lack Of Prosecution. [Dkt. No. 78]. Plaintiff filed the SAC on August 19, 2024 – nearly a month late. [Dkt. No. 83].

/ / /

/ / /

## III. ARGUMENT

### A. <u>The Statute of Frauds Bars all of Plaintiff's Claims</u>

All of Plaintiff's claims are barred as a matter of law because modifications to the Note and Deed of Trust are subject to the statute of frauds. See Civil Code sections 1624, 1698, and 2922. *Secrest v. Security National Mortgage Loan Trust 2002–2* (2008) 167 Cal.App.4th 544, 547, 552–553 (holding an agreement by a lender to forbear from exercising the right of foreclosure under a deed of trust is a modification of a contract subject to statute of frauds and is therefore subject to statute of frauds); *see also Karlsen v. American Sav. & Loan Assn.* (1971) 15 Cal.App.3d 112, 120–121 (holding an agreement by a lender to abstain from foreclose under deed of trust comes within statute of frauds, and a gratuitous oral promise not to foreclose is unenforceable); *Altman v. PNC Mortg.* (E.D. Cal. 2012) 850 F. Supp. 2d 1057, 1079 (noting under California law, "a purported short sale agreement requires a writing to satisfy the statute of frauds").

Plaintiff alleges that "Green Tree Loan notified Plaintiff that the loan was forgiven" (SAC. ¶13.) Plaintiff argues that because of this representation the Loan no longer exists. However, Plaintiff does not allege the existence of a written agreement with Green Tree Loan or Defendants that the Trust agreed to release the Deed of Trust without payment of the total amount due on the Loan. Rather, Plaintiff alleges certain conduct by the former servicer and Defendant "effectively" created her belief that the Loan was forgiven by Green Tree. (SAC, pg. 4-5) This is insufficient to satisfy the statute of frauds, as the statute of frauds requires such agreements to be in writing. Consequently, Defendants retain the contractual right to enforce the terms of the Deed of Trust, including proceeding with a nonjudicial foreclosure. This right remains unaffected by Plaintiff's unsubstantiated claims of forgiveness.

1   All of Plaintiff's claims rely on the misguided belief that the Loan was

2   forgiven. The SAC could be dismissed on this ground; however, each of Plaintiff's

3   claims also fail independent of the statute of frauds.

4   **B. Plaintiff Fails to State a Claim for Violation of the Rosenthal Fair Debt**

5      **Collection Practice Act, Civ. Code § 1788.30**

6   Plaintiff alleges Defendants violated the Rosenthal Act and/or Fair Dept

7   Collections Practices Act ("FDCPA") based on the erroneous contentions that (1)

8   collection on the Loan is barred by a four-year statute of limitations pursuant to

9   Code Civ. Proc. §337; (2) Defendants misrepresented that the Loan is valid and

10  can be collected; and (3) Defendants mispresented the amount of debt by including

11  interest. (SAC, ¶ 46, 49, 50). These baseless allegations fail to establish a violation

12  of the Rosenthal Act or the FDCPA.

13   1.  Plaintiff's Loan is enforceable until 2031.

14  First, Plaintiff's Rosenthal claim is premised on the erroneous argument that

15  the Loan is time barred by virtue a four-year written contract statute of limitation.

16  (SAC, ¶46.) Contrary to Plaintiff's allegation, a lien of mortgage, deed of trust, or

17  other instrument creating a security interest of record in real property to secure a

18  debt or other obligation does not expire until 10 years after the final maturity date.

19  Cal. Civ. Code, § 882.020. When the final maturity date is not ascertainable from

20  the recorded evidence of indebtedness, the lien expires 60 years after the date the

21  instrument that creates the secured interest was recorded. (*Id*.) Consequently, as a

22  matter of law Defendants' interest in the Property is not subject to a four-year

23  statute of limitation because the Loan is secured by a Deed of Trust.

24  If the Deed of Trust did not indicate a specific maturity date, then it would

25  expire 60 years after origination, which would be in 2066 because the Loan

26  originated in 2006. (*See* RJN, Ex. 2.) However, the Deed of Trust explicitly states

27  the Loan "if not paid earlier, is due and payable on December 11, 2021." (RJN, Ex.

28  2, at page 1). Therefore, the statute of limitations would run 10 years from

December 11, 2021. Consequently, the Trust has a valid and enforceable lien recorded against the Property. As a matter of law Plaintiff cannot base her Rosenthal/FDCPA claim on a theory that the debt is time barred by virtue a four-year written contract statute of limitation.

## 2. Defendants Haven't Misrepresented the Debt

The purpose of the Rosenthal Act is to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts. See Cal. Civ. Code § 1788.17. The Rosenthal Act incorporates the requirements of the FDCPA and makes available the FDCPA's remedies for violations. *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012), citing Cal. Civ. Code § 1788.17. Therefore, a violation of the Rosenthal Act depends on whether there is a violation of the FDCPA. Plaintiff has not alleged sufficient facts to meet the minimum pleading standard for a violation of the Rosenthal Act and/or FDCPA.

Plaintiff argues that because the debt is time-barred, Defendants misrepresented the validity of the Loan and the amount of debt by including interest (SAC, ¶¶ 49, 50). However, as detailed *supra* the Loan is not time barred by a four-year statute of limitations. Therefore, any representation to Plaintiff that the Loan is valid and can be collected, is not false or misleading. Plaintiff also claims that Defendants misrepresented the debt amount by including interest and fees, which were supposedly federally prohibited under unspecified laws. (SAC, ¶ 50). However, Plaintiff has not provided the calculations of the interest or fees that she alleges violated the Rosenthal Act and/or FDCPA, nor has she cited any legal authority to support this claim. As noted by another court in a similar case, such vague allegations do not permit an inference of liability. *I.*

Additionally, Plaintiff admits that she hasn't made a payment in thirteen years yet presents no legitimate legal or factual basis for why interest and fees could not accrue. (*See* SAC, ¶45-55.) There is no legal authority to support

Plaintiff's argument that her Chapter 7 Bankruptcy Discharge eliminated the Loan and rendered the accrued interest unlawful. Plaintiff's Discharge Order clearly states, "a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy" (*See* RJN, Ex. 4). Plaintiff fails to allege facts or cite any authority supporting her conclusion that after receiving a discharge for personal liability, the Loan was federally prohibited from accruing interest and fees. The facts remain that while Plaintiff received a discharge of personal liability, the Loan remained secured against the Property.

Plaintiff also fails to plausibly allege that her Loan was charged off such that it couldn't accrue interest. On the one hand, Plaintiff alleges that Green Tree extinguished her Loan; on the other hand, Plaintiff alleges that the Loan was shown as charged off. (SAC, ¶ 26.) Both cannot be true. A Loan cannot be extinguished and charged off at the same time.

Finally, Plaintiff fails to specify which sections of the Rosenthal Act and FDCPA the Defendants allegedly violated. Plaintiff's SAC only presents bare legal conclusions without sufficient factual content to plausibly state a claim for violation of the FDCPA or Rosenthal Act. Plaintiff has not cited any legal authority to support her claim that she does not owe on the Loan. She fails to plead facts explaining why Defendants were "federally prohibited" from collecting interest and fees and presents allegations too vague to permit an inference of Defendants' liability. For these reasons this claim should be dismissed.

## C. Plaintiff Cannot State a Claim for Negligence Per Se

California Evidence Code § 669 codifies the doctrine of negligence per se based on violation of a statute or regulation. *See Lua v. So. Pac. Transp. Co.,* 6 Cal. App. 4th 1897, 1901 (1992). The statute provides that negligence of a person is presumed if he violated a statute or regulation of a public entity, if the injury resulted from an occurrence that the statute or regulation was designed to prevent, and if the person injured was within the class for whose protection the statute or

regulation was adopted. *Ellsworth v. Beech Aircraft Corp.,* 37 Cal. 3d 540, 544-45 (1984).

Negligence per se is thus an evidentiary presumption that a party failed to exercise due care if the above-listed elements are established. However, "[n]egligence per se is not an independent cause of action[,]" and it "does not establish tort liability." *Quiroz v. Seventh Ave. Ctr.,* 140 Cal. App. 4th 1256, 1285 (2006). The evidentiary presumption does not create a cause of action distinct from negligence; instead, "an underlying claim of ordinary negligence must be viable" before the presumption of negligence of § 669 can be employed. *See Hutchins v. Nationstar Mortg. LLC,* 2017 WL 2021363, at *3 (N.D. Cal. May 12, 2017). Plaintiff's standalone claim for negligence per se is not cognizable under California law and must be dismissed as a matter of law.

### 1. An Underlying Claim of Ordinary Negligence Is Not Viable

Plaintiff's Negligence Per Se claim cannot be saved even if Plaintiff contends, she can allege a claim for negligence because that claim too will fail as a matter of law. Any claim for  negligence fails as a matter of law because California has determined lenders or loan servicers do not owe borrowers a duty of care. *See Sheen v. Wells Fargo Bank, N.A.* (2022) 12 Cal.5th 905. "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Assn.,* 231 Cal.App.3d 1089, 1096 (1991). *Sheen* resolved a split among the California Courts if Appeal  and found in favor of lenders that no duty exists. In *Sheen*, the California Supreme Court noted the Plaintiff's failure to assert a "special relationship" between the plaintiff and the lender; in fact, the *Sheen* Court specifically found the claims arose from the mortgage contract the plaintiff had with the lender and therefore fell within the ambit of the economic loss doctrine.

Defendants' relationship with Plaintiff was defined by contract, and its actions with respect to foreclosure further defined by statute. New obligations should not be created where the parties did not agree, the legislature did not so declare, and the duty did not previously exist. The Court should dismiss Plaintiff's negligence per se claim without leave to amend because Plaintiff will not be able to establish a negligence claim as Defendants owed no duty to Plaintiff and did not violate any law.

**D. Plaintiff Fails to State a Claim for Cancellation of Instruments**

California Civil Code section 3412 provides for the cancellation of a written instrument when there is "reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable." Cal. Civil Code § 3412. "To plead a cause of action for cancellation of instrument, plaintiff must show that he will be injured or prejudiced if the instrument is not cancelled, and that such instrument is void or voidable." *Zendejas v. GMAC Wholesale Mortg. Corp.*, No. 10cv184 OWW, GSA, 2010 WL 2629899, at *7 (E.D. Cal. June 29, 2010) (granting motion to dismiss because plaintiffs failed to assert any valid reason, except that the defendants did not have the right to foreclose, why the instruments are void or voidable). A plaintiff must provide facts, "not mere conclusions, showing the apparent validity of the instrument designated, and point out the reason for asserting that it is actually invalid." *Ephraim v. Metropolitan Trust Co. of California*, 28 Cal. 2d 824, 833, 172 P.2d 501 (1946).

Under the code section, the court can order the cancellation of an instrument whenever it is void or voidable. *See* California Civil Code § 3412.  Courts have held that "[a]n agreement otherwise valid may be set aside only for fraud, mistake, duress, or upon other grounds invalidating the free consent of a contracting party." *Rehbock v. Reservoir Hill Gasoline Co.,* 14 Cal.App.2d 233, 257 (1936). In this case, Plaintiff claims the Notice of Default, Notice of Trustee's Sale and Deed of Trust are voidable because the Loan is a "time-barred" debt and cannot be collected

on. (SAC. ¶ 63 - 65.) As discussed *supra* the Loan is not time barred. There are no facts pled that the Loan was, in fact, forgiven or that Defendants somehow lost their *in rem* remedy. Plaintiff's unsupported conclusions do not make any of the recorded documents void or voidable.

Further, the judicially noticeable documents support a finding that all foreclosure items were conducted by the beneficiary and trustee of record. Therefore, this claim should be dismissed with prejudice. The recorded foreclosure notices and Deed of Trust are not void or even voidable against Plaintiff, and Plaintiff has not demonstrated any resulting injury.

**E. Plaintiff Fails to State a Claim for Violation of Business and Professions Code §17200**

Plaintiff's claim that Defendant violated section 17200 of the California Business and Professions Code ("UCL") fails for all the same reasons as the other failed claims. Under California Business and Professions Code Section 17200, unfair competition is "any unlawful, unfair or fraudulent business act or practice." *Cel-Tech Comm., Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal.4th 163, 180 (1999). Plaintiff cannot establish standing, relief, nor any unlawful, unfair, or fraudulent business practices.

1.    Plaintiff fails to allege any unlawful business practices.

"For an action based upon an allegedly unlawful business practice, the UCL borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Carter v. Bank of Am., N.A.* 2012 WL 12887542 (C.D. 2012) ("Carter"). As a result, a UCL claim requires an allegation of an underlying violation of law. *See Joe Hand Promotions, Inc. v. Alvarado*, 2011 WL 1544501 (E.D. 2011). The allegations supporting a claim under this prong "must state with reasonable particularity the facts supporting the… elements of the alleged violation." *Carter*, at *10. In cases where the allegedly unlawful practice is based on the violation of another, "borrowed" law, the

extinguishment of the "borrowed" violation extinguishes the Business and Professions Code section 17200 claim. *Ingels v. Westwood One Broadcasting Services*, Inc. 129 Cal.App.4th 1050, 1060 (2005); *Krantz v. BT Visual Images*, 89 Cal.App.4th 164, 178 (2001) (holding that the viability of a UCL claim will "stand or fall" with the underlying claims); *Rosal v. First Federal Bank of California*, 671 F.Supp.2d 1111, 1126 (N.D. Cal. 2009) ("Where a Plaintiff cannot state a claim under the 'borrowed' law, she cannot state a UCL claim either."). Plaintiff fails to properly state a claim for a violation of any law. *See* Sections III.A-D, *supra.* Therefore, Plaintiff fails to state a claim under the UCL's unlawful prong.

2.     Plaintiff fails to allege any unfair business practices.

Under the UCL, "a business practice is 'unfair' only if it 'threatens an incipient violation of an antitrust law or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Drum v. San Fernando Valley Bar Ass'n*, 106 Cal. Rptr. 3d 46, 51 (2010) (quoting *Cel-Tech Commc'ns, Inc. V. Los Angeles Cellular Telephone Co.,* 973 P.2d 527, 565 (Cal. 1999)).

Plaintiff does not allege facts demonstrating that Defendants engaged in "unfair competition." Plaintiff also fails to allege Defendants' purported conduct harms consumers.  Plaintiff makes several conclusory allegations regarding why she believes her Loan was extinguished. However, Plaintiff pleads no factual detail to support these theories. The Court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). No unfair conduct was alleged. Therefore, Plaintiff's UCL "unfair" prong claim fails.

3.     Plaintiff fails to allege any fraudulent business practices.

Under the UCL, a business practice is fraudulent if "members of the public are likely to be deceived" by the practice. *Comm. On Children's Television, Inc. v. Gen. Foods Corp.*, 673 P.2d 660, 212 (Cal. 1983). The "fraudulent" prong of the

UCL, is subject to Federal Rule of Civil Procedure Rule 9(b)'s heightened standard of pleading. *See Beatty v. PHH Mortg. Corp.,* No. 19-CV-05145-DMR, 2019 WL 6716295, at *14 (N.D. Cal. Dec. 10, 2019). "'Fraud' is an 'intentional misrepresentation, deceit, or concealment of material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.'" *Id.* (*citing* Cal. Civ. Code § 3294(c)(3)).

Plaintiff fails to allege fraud with any detail, let alone enough to satisfy Rule 9(b). The Court should dismiss Plaintiff's UCL fraudulent prong claim.

### 4.   Plaintiff Lacks Standing to Bring this Claim.

Finally, Plaintiff lacks standing to bring a UCL claim, which requires Plaintiff "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that that economic injury was the result of, i.e., caused by the unfair business practice or false advertising that is the gravamen of the claim." *Lueras v. BAC Home Loans Serv.,* LP, 221 Cal.App.4th 49, 81 (2013), *citing Kwikset Corp. v. Superior Ct.,* 41 Cal.4th 310, 327 (2011). A plaintiff must satisfy the "caused by" prong by showing "Plaintiff's economic injury [occurred] 'as a result of' the unfair competition." *Id.* at 83. A plaintiff does not have standing if they would have suffered the same harm regardless of whether defendant complied with the law. *Daro v. Superior Ct.,* 151 Cal.App.4th 109 (2007).

Plaintiff fails to allege any economic injury caused by Defendants' conduct. Plaintiff has not alleged that she was making regular monthly payments or had paid off the Loan at any point. Plaintiff also has not alleged facts as to why she is not responsible for the Loan balance. Plaintiff cannot argue that the economic injury was or is caused by any "unfair competition" of Defendants because any economic injury is a byproduct of her failure to make mortgage payments. For this reason, Plaintiff's claim fails.

Further, in the context of the UCL, Plaintiff is only entitled to "restitution," which is limited to the return of property or funds in which Plaintiff has an ownership interest. *Madrid v. Perot Systems Corp.,* 130 Cal.App.4th 440, 452 (2005), *citing People ex rel. Kennedy v. Beaumont Investment,* Ltd., 111 Cal.App.4th 102 (2003). Plaintiff failed to identify any property or funds that have been wrongfully taken by Defendants. Plaintiff cannot establish any money was wrongfully taken because Plaintiff was in default on the terms of the Loan and has not made the required payments. Plaintiff also cannot establish any property was wrongfully taken because under the terms of the Deed of Trust Defendants were within their right to initiate foreclose on the Property. Plaintiff also fails to allege any misconduct as to the non-judicial foreclosure process. For these reasons, Plaintiff's UCL claim fails.

### F. Plaintiff Should Not Be Given Leave to Amend

A court should freely grant leave to amend a complaint dismissed for failure to state a claim, except where amendment "would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit," *Jackson v. Bank of Haw.,* 902 F.2d 1385, 1387 (9th Cir. 1990); see also Fed. R. Civ. P. 15(a)(2); *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 972 (9th Cir. 2009). The court may dismiss without leave to amend, "if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (citations omitted).

Here leave to amend would cause prejudice, undue delay in the litigation, and be futile. Plaintiff was already granted an extraordinary extension on July 22, 2024, when she was granted leave to amend three months after the scheduled deadline for amending pleadings. Despite this, Plaintiff failed to meet even this extended deadline, filing the SAC on August 19, 2024 – nearly a month late. Any

further amendment would severely compress Defendants' time for discovery, filing a responsive pleading, summary judgment preparation, and directly contravene the Court's schedule.

Additionally, it is unclear what facts Plaintiff intends to plead to support her contention that the Loan is time barred, as it is clear as a matter of law the Loan did not mature until 2021 and is not subject to a four-year statute of limitations. Plaintiff's belief that the Loan was extinguished by her bankruptcy discharge is also unsupported by the law. For these reasons, the Court should exercise its discretion to deny additional amendments. Plaintiff has already been afforded the opportunity to amend and failed to adequately do so. Therefore, further amendment is futile.

## III.    CONCLUSION

For the foregoing reasons, the Motion should be granted and Plaintiff's SAC should be dismissed with prejudice.

Dated: September 3, 2024                    **HOUSER LLP**


                                            /s/ *Robert W. Norman, Jr.*
                                            Robert W. Norman, Jr.
                                            Alexandra Coronado King
                                            Attorneys for Defendants,
                                            Newrez LLC (fka Specialized Loan
                                            Servicing LLC), *erroneously sued as*
                                            *Specialized Loan Servicing, L.L.C*, and
                                            FirstKey Master Funding 2021-A
                                            Collateral Trust, U.S. Bank Trust National
                                            Association as Collateral Trust Trustee,
                                            *erroneously sued as FirstKey Funding*
                                            *2021-A U.S. Bank Trust National*
                                            *Association*

## <u>DECLARATION OF ALEXANDRA CORONADO KING</u>

I, Alexandra Coronado King, hereby state and declare as follows:

1.     I am an attorney licensed to practice law in the State of California and I am employed by the law firm of Houser LLP, counsel of record for defendants Newrez LLC (fka Specialized Loan Servicing LLC) *erroneously sued as Specialized Loan Servicing, L.L.C* and FirstKey Master Funding 2021-A Collateral Trust, U.S. Bank Trust National Association as Collateral Trust Trustee, *erroneously sued as FirstKey Funding 2021-A U.S. Bank Trust National Association*.

2.     On January 14, 2024, while Defendants' first Motion to Dismiss was under submission, Plaintiff retained counsel and improperly filed an amended complaint. I emailed Plaintiff's counsel proposing that the parties mutually agree that there is no need respond to the improperly filed amended complaint until after the court ruled on Defendant's Motion to Dismiss Case.

3.     The parties agreed that no further action needed to be taken until the Court issued an order on the Motion to Dismiss Case.

4.     On May 8, 2024, the Court ordered that the parties meet and confer to discuss Plaintiff's unauthorized filing of the First Amended Complaint. The parties met and conferred on May 13, 2024. Plaintiff's counsel proposed a Second Amended Complaint and did not wish to treat the previously filed amended complaint as the operative complaint. Plaintiff's counsel provided me with a copy of the proposed Second Amended Complaint and advised that he intended to file a Motion for Leave to Amend.

5.     On August 19, 2024, Plaintiff filed the Second Amended Complaint.

6.     On August 23, 2024, I emailed Plaintiff's counsel requesting his availability to discuss the Second Amended Complaint. I also provided opposing counsel with an explanation as to why each claim fails as a matter of law. That same day opposing counsel advised that he would review the case law I provided and get back to me.

7.    On August 26, 2024, Plaintiff's counsel explained why he believes the claims will survive a motion to dismiss. Plaintiff's counsel and I could not resolve the issues raised in this Motion to Dismiss.

8.    I obtained from the California Central Bankruptcy Court docket for Case No. 2:10-BK-25056-VZ a true and correct copies of Exhibits 3 and 4  attached to Defendants' Request for Judicial Notice filed concurrently with Defendants' Opposition.

9.    I obtained from the County Recorder's office true and correct copies of Exhibits 1, 2, 5, 6, and 7 attached to Defendant's Request for Judicial Notice

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

I declare that the foregoing is true and correct. Executed on September 3 , 2024, at Irvine, California.

*/s/ Alexandra Coronado King*
Alexandra Coronado King

1

## **Certificate of Compliance**

2          The undersigned, counsel of record for Specialized Loan Servicing LLC

3    certifies that this brief contains 6,753 words, which complies with the word limit

4    of L.R. 11-6.1.

5

6    Dated: September 3, 2024                              **HOUSER LLP**

7                                                          /s/*Robert W. Norman, Jr.*
                                                           Robert W. Norman, Jr.
8                                                          Alexandra Coronado King
                                                           Attorneys for Defendants,
9                                                          Newrez LLC (fka Specialized Loan
                                                           Servicing LLC), *erroneously sued as*
10                                                         *Specialized Loan Servicing, L.L.C*,
                                                           and FirstKey Master Funding 2021-
11                                                         A Collateral Trust, U.S. Bank Trust
                                                           National Association as Collateral
12                                                         Trust Trustee, *erroneously sued as*
                                                           *FirstKey Funding 2021-A U.S. Bank*
13                                                         *Trust National Association*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 9970 Research Drive, Irvine, CA 92618.

On September 3, 2024 I served the following document(s) described as follows:

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; AND DECLARATION OF ALEXANDRA CORONADO KING**

On the following interested parties in this action:

Okorie Okorocha
Okorocha Firm
117 East Colorado Boulevard Suite 465
Pasadena, CA 91105
310-497-0321
Fax: 626-340-4141
Email: OO@OOESQ.COM
Attorney for Plaintiff, *Linda C. Love*

Nabeel M Zuberi
McCalla Raymer Leibert Pierce, LLP
301 East Ocean Boulevard Suite 1720.
Long Beach, CA 90802
562-983-5378
Email: Nabeel.Zuberi@McCalla.com
Attorney for Defendant, *Affina Default Services, LLC*

☒    E-FILING—By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury, under the laws of the United States that the foregoing is true and correct.

Executed on September 3, 2024 at Irvine, California.

_____
Sherie L. Cleere