Okorie Okorocha, Esq., SBN 226658
**THE OKOROCHA FIRM**
117 E Colorado Blvd., Ste 465
Pasadena, CA 91105
(310) 497-0321
OO@OOESQ.com
Attorney for Plaintiff Linda C. Love

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT-WESTERN DIVISION

LINDA C. LOVE, an individual,

*Plaintiff,*

vs.

AFFINIA DEFAULT SERVICES, L.L.C.; SPECIALIZED LOAN SERVICES, L.L.C.; U.S. BANK, N.A., NOT IN ITS INDIVIDUAL CAPACITY, BUT AS TRUSTEE OF FIRSTKEY MASTER FUNDING 2021-A TRUST; and DOES 1-10 INCLUSIVE,

*Defendants,*

Case No.: 5:23-cv-01804-FLA (SHKx)

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS; POOINTS AND AUTHORITIES IN SUPPORT THEREOF

DATE: October 4, 2024
TIME: 1:30 P.M.
CRT: 6B

TABLE OF CONTENTS PAGE

I. INTRODUCTION……………………………………………………...……2

II. RELEVANT FACTS……………………………………………………...3

III. POINTS AND AUTHORITIES/ARGUMENT……………………………..4

1. STANDARDS IN OPPOSITION TO A MOTION TO DISMISS……4

2. THE STATUTE OF FRAUDS DOES NOT BAR PLAINTIFF'S CLAIMS………………………………………………………………6

a. Plaintiff's Claims Are Not Based Solely on a Modification of The Loan Agreement……………………………………………..6

b. Equitable Estoppel Prevents Defendants from Asserting the Statute of Frauds Defense…………………….…………….7

c. The Statute of Frauds Does Not Apply to Plaintiff's Statutory Claims Under the Rosenthal Act, FDCPA and UCL…………..8

d. Waiver of Rights by Defendants and Their Predecessors……..9

e. Defendants' Case Law is Distinguishable and Does Not Apply to This Case……………………………………………..9

3. PLAINTIFF HAS STATED A VIABLE CAUSE OF ACTION UNDER CALIFORNIA'S ROSENTHAL ACT FOR ILLEGAL DEBT COLLECTION……………………………………………10

a. Defendants' Violation the CFPB Opinion, Adopted by the 9th Circuit Court of Appeals, Renders Defendants' Collection Acts as Time-Barred Debt………………………...11

b. Under the Continued Violation Doctrine, Defendant's Continued Foreclosure Action Tolled to 1 Year Statute of Limitations on Rosenthal Act Violations……………………..12

c. Defendants' Failure to Pay Off the Superior Lien of the First Deed of Trust Violates Civ.Code §2904 and Invalidates the Foreclosure Action…………………………………………....13

d. Defendants' Attempt to Collect a Long-Dormant Loan and Inflate the Amount Owed Constitutes Deceptive and Unfair Debt Collection Practices……………………………………14

TABLE OF CONTENTS (CONT.) PAGE

e. Plaintiff Has Alleged Facts Showing that Defendants Engaged in Misleading and Deceptive Conduct……………...15

f. The Enforceability of the Loan Does Not Shield Defendants From Liability……………………………………16

4. PLAINTIFF HAS STATED A VALID CLAIM FOR NEGLIGENCE PER SE……………………………………………17

a. Negligence Per Se is a Valid Theory of Liability Based on Defendants' Violations of the Rosenthal Act and FDCPA…………………………………………………………..17

b. Defendants Violated Statutory Duties Under the Rosenthal Act and FDCPA……………………………………………19

c. Plaintiff Has Sufficiently Alleged Causation and Harm To Establish a Claim for Negligence Per Se……………………..20

5. PLAINTIFF HAS STATED A VALID CLAIM FOR CANCELLATION OF WRITTEN INSTRUMENTS………………21

a. California Law Provides for the Cancellation of Foreclosure Documents Based on an Invalid or Voidable Debt…….….…..21

b. The Loan's Validity Is in Question, Which Makes the Foreclosure Instruments Voidable……………………………22

6. PLAINTIFF HAS STATED A VALID CLAIM UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 (UNFAIR COMPETITION LAW - UCL)………………………..…23

7. IF LEAVE TO AMEND IS NECESSARY, IT SHOULD BE LIBERALLY GRANTED……………………………………..…..25

IV. CONCLUSION……………………………………………………..…26

# TABLE OF AUTHORITIES

## STATUTORY LAW

Fed.R.Civ.P. 12(b)(6)……………………………………………………….…4,5
Title 12 CFR § 1006………………………………………………………………11
Title 15 USC 1962e…………………………………………………………………19
Title 5 U.S.C. § 1692e………………………………………………………………19
Cal. Evid. Code § 623…………...………………………………………………7
Cal. Evid. Code § 669………………………………………………………..…20
Cal. Civ. Code § 1788……………………………………...7,12,14,15,16
Civ.Code §2904……………………………………………………………..13,14
Cal.Bus.& Prof. Code § 17200…………………………...…..13,23,24
Cal.Civ.Code § 3412…………………………………………………………21
Cal.Civ.Code § 3513…………………………………………………….....9

## CASE LAW

*Akao v. Shimoda*,
832 F.2d 119 (9th Cir.1987)…………………………………………………24
*Arpin v. Santa Clara Valley Transp. Agency*,
261 F.3d 912 (9th Cir. 2001)………………………………………………5
*Arnolds Management Corp. v. Eischen*,
158 Cal. App.3d 575 (Cal. 1984)…………………………………………..14
*Ascon Properties, Inc. v. Mobil Oil Co*.,
866 F.2d 1149 (9th Cir.1989)…………………………………..……24
*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)……………………………………………………..4
*Bank of America v. La Jolla Group II*,
129 Cal.App.4th 706 (Cal. 2005)……………………………………………22
*Beattie v. D.M. Collections, Inc.*
754 F.Supp. 383 (D.Del.1991)………………………………………………12
*Bell Atlantic v. Twombly*,
550 U.S. 544 (2007)…………………………………………………….…4
*Chapman v. Skype Inc*.,
(Cal. 2013) 220 Cal.App.4th 217……………………………………....24
*DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Cafe; Takeout III, Ltd.*
30 Cal.App.4th 54 (Cal 1994) ……………………………………………..9
*Doe v. United States*,
58 F.3d 494 (9th Cir. 1995)…………………………………………….24

CASE LAW (CONT.)

*Doe v. United States*
419 F.3d 1058 (9th Cir. 2005)…………………………………………………………5
*Ephraim v. Metropolitan Trust Co. of California*,
28 Cal. 2d 824 (Cal. 1946)…………………………………………………………..22
*Erickson v. Pardus*,
551 U.S. 89, 93 (2007)…………………………………………………………….4
*Galvez v. Frields*,
88 Cal.App.4th 1410 (Cal. 2001)……………………………………………….....18
*Gompper v. VISX, Inc*.
298 F.3d 893 (9th Cir. 2002)……………………………………………………..5
*Harris v. Amgen, Inc.*
738 F.3d 1026 (9th Cir. 2013)……………………………………………………5
*Hewlett v. Squaw Valley Ski Corp*.,
54 Cal.App.4th 499, 519 (Cal. 1997)…………………………………………..24
*Joseph v. J.J. Mac Intyre Companies, L.L.C*.,
281 F.Supp.2d 1156 (N.D.Cal. 2003)…………………………………………..14
*Kasier v. Cascade Capital, LLC*,
989 F.3d 1127 (9th Cir. 2021)……………………………………………..……12
*Komarova v. National Credit Acceptance, Inc*,
175 Cal.App.4th 324, 343 (Cal. 2009)…………………………………………14
*Karlsen v. American Sav. & Loan Assn*.,
15 Cal. App. 3d 112 (Cal. 1971)…………………………………………………9
*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001)…………………………………………………….5
*Livid Holdings Ltd. v. Salomon Smith Barney, Inc*.,
416 F.3d 940, 946 (9th Cir. 2005)………………………………………………24
*Maya v. Centex Corp*.,
658 F.3d 1060 (9th Cir. 2011)……………………………………………………4
*Martinez v. Albuquerque Collection Services,*
867 F.Supp. 1495 (D.N.M.1994)…………………………………………………12
*Moore v. Day*,
123 Cal. App. 2d 134 (Cal. 1954)……………………………………………….7
*Secrest v. Security National Mortgage Loan Trust 2002-2*,
167 Cal. App. 4th 544 (Cal. 2008)……………………………………………….9
*Seymour v. Oelrichs*,
156 Cal. 782 (Cal. 1909)…………………………………………………………...8
*Sterling v. Taylor*,
40 Cal.4th 757 (Cal. 2007)…………………………………………………………8

CASE LAW (CONT.)

*Tenzer v. Superscope*,
39 Cal. 3d 18 (Cal. 1985)…………………………………………………………..7
*Williams v Gerber Products.*,
552 F.3d 934 (9th Cir.2009)……………………………………………………...5
*Yvanova v. New Century Mortgage Corp*.,
62 Cal.4th 919 (Cal. 2016)………………………………………………….….22
*Zendejas v. GMAC Wholesale Mortg. Corp*.,
No. 10-CV-184 (E.D. Cal. 2010)……………………………………………….22

TREATISES

2 Pomeroy Equity Jurisprudence, § 921 8……………..………………………...7
3 Williston on Contracts (3d ed. 1960) § 533A, p. 802……………………………7
5 Charles Alan Wright & Arthur R. Miller, Federal Practice and
Procedure § 1356…………………………………………………………………...5

Comes plaintiff Linda C. Love, ("Plaintiff"), who files an opposition to Defendant Newrez LLC and FirstKey Master Funding 2021-A Collateral Trust, U.S. Bank Trust National Association as Collateral Trust Trustee, ("Defendants")'s Motion to Dismiss pursuant to Fed.R.Civ.P. 12 (b)(6). Plaintiff supports her opposition with the following points and authorities.

## I.

## INTRODUCTION

Defendant action as debt collection on what is known as a "zombie" loan, where the lender stops pursuing a real property debt and the property remaining dormant, or has been subject to a discharge in bankruptcy. The real property here located at 119327 Broadacres Ave., Carson, California 90746, ("Subject Property"), has such a zombie loan as a second deed of trust.

In 2006, Plaintiff Linda C. Love obtained a junior lien Home Equity Line of Credit (HELOC) secured by a second deed of trust on her property. In 2010, Plaintiff filed for Chapter 7 bankruptcy, during which both the first and second loans were listed as scheduled debts. Subsequently, Green Tree Loan, the servicer of the second loan, notified Plaintiff that the loan had been forgiven and would no longer be collected. Relying on this communication, Plaintiff reasonably believed that the loan was extinguished.

For over a decade, Plaintiff heard nothing from the loan servicers regarding the second loan. In fact, a 2016 credit report confirmed that the loan had been discharged off and was no longer collectible. It was not until June 2023, over 13 years after the last communication from Green Tree Loan, that Plaintiff received notice from Affinia Default Services, LLC (Affinia) and Specialized Loan Services, L.L.C. (SLS) that they were initiating foreclosure proceedings on the second loan. Defendants claimed that Plaintiff owed over $112,000 on a $56,000

loan that had not been pursued for more than a decade.

The sudden attempt to foreclose on the property, based on a debt that Plaintiff believed was forgiven, prompted this legal action. Plaintiff asserts that Defendants' conduct in reviving this long-dormant loan and seeking to collect inflated amounts constitutes a violation of the Rosenthal Act, Negligence Per Se, and an unlawful business practice under California's Unfair Competition Law (UCL).

Plaintiff seeks to cancel the foreclosure-related documents, including the Notice of Default and Notice of Trustee's Sale, and requests an injunction preventing Defendants from proceeding with the wrongful foreclosure. These facts demonstrate that Plaintiff has sufficiently pled claims under the relevant statutes, and Defendants Motion to Dismiss should be denied.

## II.

## RELEVANT FACTS

Defendants had filed a motion to dismiss while disregarding, and not responding to Plaintiff's repeated pointing out to them that they are knowingly and willingly pursuing collection on time-barred debt non-stop through a foreclosure proceeding against the Subject Property. Defendants bought this debt a number of years ago that is in excess of the 4 year statute of limitations for breach of a written contract.

As Plaintiff will set forth infra, her action based on violation of the Rosenthal Act and related torts is both timely filed and actionable, and the other collateral causes of action are also actionable as they flow from this violation of law.

//

//

II.

POINTS AND AUTHORITIES/ARGUMENT

1.

STANDARDS IN OPPOSITION TO A MOTION TO DISMISS

"Federal Rule of Civil Procedure 8(a)(2) requires only “a short and plain statement of the claim showing that the pleader is entitled to relief,” in order to “give the defendant fair notice of what the ... claim is and the grounds upon which it rests,” *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy Rule 8(a)(2), “a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.” *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). “[T]he pleading standard Rule 8 announces does not require ‘detailed factual allegations,’ but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.” *Twombly*, 550 U.S. at 555. “Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests.” *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

The standards for a motion pursuant to Fed.R.Civ.P. 12(b)(6) are well settled. “To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’ A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant has acted unlawfully.” *Twombly*, 550 U.S. at 556. In determining whether a claim is facially plausible, courts must: (1) credit the complaint's factual assertions; and (2) determine whether the complaint alleges facts that plausibly entitle plaintiff to relief. See *Maya v. Centex Corp*., 658 F.3d 1060, 1067-68 (9th Cir. 2011). Plausibility “is not akin to a ‘probability requirement,’” rather, it requires “more than a sheer possibility that a defendant has acted unlawfully.” *Ashcroft*, 556 U.S.

at 678.  Pleadings should not be found deficient even if it is apparent "that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

In evaluating a Rule 12(b)(6) motion, the court should "construe the complaint in the light most favorable to the plaintiff, taking all . . . allegations as true and drawing all reasonable inferences from the complaint in [plaintiff's] favor." *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. . .We then determine whether the allegations in the complaint and information from other permissible sources "plausibly suggest an entitlement to relief." *Harris v. Amgen, Inc.*, 738 F.3d 1026, 1035 (9th Cir. 2013). All material allegations in the complaint, "even if doubtful in fact," are assumed to be true. The court must assume the truth of all factual allegations and must "construe them in a light most favorable to the nonmoving party." *Gompper v. VISX, In*c., 298 F.3d 893, 895 (9th Cir. 2002). As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12 (b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

"[E]xtraneous evidence should not be considered in ruling on a motion to dismiss." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).  "[T]he motion [to dismiss] is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiffs case." *Williams v Gerber Products*, 552 F.3d 934, 938 (9th Cir. 2009), citing to 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356. Factual disputes are not subject to resolution on a motion to dismiss. See *Newcal Indus.,*

*Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1051 (9th Cir. 2008), [dismissal under Rule 12(b) (6) improper where argument in support 'hinge[d] on factual disagreements rather than legal deficiencies']. See also *Webceleb, Inc. v. Procter & Gamble Co*., 10CV2318 DMS NLS, 2012 WL 460472 (S.D.Cal. Feb. 13, 2012) [questions of fact inappropriate for resolution on motion to dismiss]. "[t]he requirement of factual particularity does not entitle a court to discredit or weigh the persuasiveness of well-pled allegations." *In re China Agritech, Inc. S'holder Derivative Litig.*, No. 7163-VCL, 2013 WL 2181514, at *14 (Del. Ch. May 21, 2013).

2.

THE STATUTE OF FRAUDS DOES NOT BAR PLAINTIFF'S CLAIMS

Defendants argue that the statute of frauds bars all of Plaintiff's claims because there was no written agreement modifying or forgiving the loan. Specifically, Defendants contend that any alleged modification or discharge of the loan would need to be in writing to satisfy the statute of frauds, and because no such writing exists, Plaintiff's claims fail as a matter of law. However, Defendants misapply the statute of frauds doctrine, as Plaintiff's claims are not based on a modification of the loan agreement but on misrepresentations made by Defendants and their predecessors, the equitable doctrines that prevent Defendants from raising the statute of frauds defense, and violations of consumer protection statutes such as the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act")

a. Plaintiff's Claims Are Not Based Solely on a Modification of the Loan Agreement

Plaintiff's claims are not rooted in an alleged modification of the loan that would require a written agreement under the statute of frauds. Rather, the crux of Plaintiff's claims arises from Defendants' misrepresentations regarding the status

of the loan and the Defendants' unlawful attempts to revive a debt that Plaintiff reasonably believed had been discharged or forgiven.

Plaintiff alleges that in 2010, following her Chapter 7 bankruptcy filing, the loan servicer at the time, Green Tree Loan, indicated that the loan had been forgiven and would no longer be pursued. Relying on this representation, Plaintiff ceased receiving communications regarding the loan and reasonably believed that it had been discharged. The Defendants' sudden attempt to collect on this long-dormant loan over a decade later, without proper notice or communication, constitutes misleading and deceptive conduct that is actionable under consumer protection laws such as the Rosenthal Act.

The statute of frauds does not shield Defendants from liability for such conduct, as Plaintiff's claims are based on Defendants' misrepresentations and unfair practices, not on an alleged modification of the loan agreement.

b. Equitable Estoppel Prevents Defendants from Asserting the Statute of Frauds Defense

Even if the statute of frauds were applicable, the doctrine of equitable estoppel prevents Defendants from invoking it to bar Plaintiff's claims. Under California law, equitable estoppel applies where a party's conduct induces another party to reasonably rely on a belief or understanding, even in the absence of a formal written agreement. (Cal. Evid. Code § 623.) The doctrine bars a party from asserting the statute of frauds defense when that party's conduct has led the other party to rely on an oral agreement or representation to their detriment.

The general rule ;that the statute of frauds, having been enacted for the purpose of preventing fraud, shall not be made the instrument of shielding, protecting or aiding the party who relies upon it in the perpetration of a fraud or in the consummation of a fraudulent scheme. See *Tenzer v. Superscope*, 39 Cal. 3d

18, 30 (Cal. 1985); *Seymour v. Oelrichs*, 156 Cal. 782, 794 (Cal. 1909), quoting 2 Pomeroy Equity Jurisprudence, § 921; see also *Moore v. Day*, 123 Cal. App. 2d 134, 138 (Cal. 1954); 3 Williston on Contracts (3d ed. 1960) § 533A, p. 802.)

Here, Green Tree Loan's communications to Plaintiff indicated that the loan was no longer collectible. Plaintiff reasonably relied on this representation for over a decade, taking no further action with respect to the loan. Defendants, having failed to make any effort to collect on the loan for such an extended period, cannot now rely on the statute of frauds to escape liability.

By making representations that led Plaintiff to believe that the loan was forgiven, Defendants (through their predecessors) induced Plaintiff to reasonably rely on that belief. As such, Defendants are estopped from asserting the statute of frauds as a defense to Plaintiff's claims.

c. The Statute of Frauds Does Not Apply to Plaintiff's Statutory Claims Under the Rosenthal Act, FDCPA and UCL

Plaintiff's claims under the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") and California's Unfair Competition Law (UCL) are based on statutory violations, not contractual disputes. The statute of frauds is a contract law defense that bars the enforcement of unwritten agreements in certain circumstances; it does not apply to statutory claims arising under consumer protection laws. See *Sterling v. Taylor*, 40 Cal.4th 757 (Cal. 2007).

The Rosenthal Act prohibits debt collectors from using deceptive, unfair, or misleading practices to collect debts, regardless of whether those debts are governed by written agreements. (See Cal. Civ. Code § 1788 et seq.) Plaintiff alleges that Defendants violated the Rosenthal Act by attempting to collect on a time-barred debt and by misrepresenting the status of the loan, which she reasonably believed had been forgiven. These claims are not dependent on whether

there was a written modification of the loan agreement, and the statute of frauds is therefore irrelevant to their validity.

Similarly, Plaintiff's UCL claim is based on Defendants' unlawful and unfair business practices in attempting to collect on a debt that was no longer enforceable. The UCL provides for broad consumer protection and is not limited by the statute of frauds. The UCL allows for claims based on unlawful or unfair conduct without the need to demonstrate the existence of a valid contract. *Id.* Plaintiff's UCL claim is based on Defendants' deceptive conduct, which is actionable regardless of whether the loan agreement was modified in writing.

d. Waiver of Rights by Defendants and Their Predecessors

Defendants and their predecessors waived their rights to enforce the loan when they failed to pursue any collection efforts for over a decade and led Plaintiff to believe that the loan had been forgiven. Waiver refers to the act, or the consequences of the act, of one side. (Cal.Civ.Code § 3513.) Waiver is the intentional relinquishment of a known right after full knowledge of the facts and depends upon the intention of one party only. Waiver does not require any act or conduct by the other party. See *DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Cafe & Takeout III, Ltd.*, 30 Cal.App.4th 54, 59. (Cal. 1994)

Here, Green Tree Loan's communication to Plaintiff indicating that the loan had been forgiven, coupled with Defendants' lack of collection efforts for over a decade, constitutes a waiver of their right to enforce the loan. Defendants cannot now rely on the statute of frauds to revive a loan that they effectively abandoned.

e. Defendants' Case Law is Distinguishable and Does Not Apply to This Case

Defendants rely on *Secrest v. Security National Mortgage Loan Trust 2002-2*, 167 Cal. App. 4th 544 (Cal. 2008), and *Karlsen v. American Sav. & Loan*

*Assn*., 15 Cal. App. 3d 112 (Cal. 1971), to argue that the statute of frauds bars Plaintiff's claims.

However, these cases are distinguishable from the present case. In *Secrest*, the court held that a loan modification agreement must be in writing to satisfy the statute of frauds. However, Plaintiff in this case is not alleging a modification of the loan terms but rather misrepresentation and unlawful debt collection practices. The misrepresentations made by Defendants' predecessors and the lack of collection efforts for over a decade take this case out of the realm of contract modification disputes.

Similarly, *Karlsen* dealt with the enforcement of a real estate contract, which is not at issue here. Plaintiff's claims are based on Defendants' misrepresentations and unlawful conduct under the Rosenthal Act and UCL, which are not governed by the statute of frauds. Defendants' reliance on the statute of frauds to dismiss all of Plaintiff's claims is misplaced. Plaintiff's claims are not based on a modification of the loan agreement but on Defendants' misrepresentations, unlawful debt collection practices, and violation of statutory duties under the Rosenthal Act and UCL. Moreover, the equitable doctrines of estoppel and waiver prevent Defendants from asserting the statute of frauds defense. For these reasons, Defendants' Motion to Dismiss on statute of frauds grounds should be denied.

3.

PLAINTIFF HAS STATED A VIABLE CAUSE OF ACTION UNDER CALIFORNIA'S ROSENTHAL ACT FOR ILLEGAL DEBT COLLECTION

The Defendants here are seeking to foreclose of knowingly time barred debt. Defendants purchased the debt enforced through the Deed of Trust at some time after the debt had been either discharged in bankruptcy, or the original lender at that time made a decision that it was not worthwhile to pursue this debt. Either

way, the current attempt by Defendants to foreclose is barred by controlling law in the 9th Circuit, and the current action seeks to put a stop to this now harassing collection attempt.

a. Defendants' Violation the CFPB Opinion, Adopted by the 9th Circuit Court of Appeals, Renders Defendants' Collection Acts as Time-Barred Debt

The Consumer Financial Protection Bureau, ("CFPB") issued advisory opinion pursuant to Title 12 CFR Part 1006, Fair Debt Collection Practices Act (Regulation F); Time-Barred Debt, in short stating that Regulation F prohibits a debt collector, as that term is defined in the statute and regulation, from suing or threatening to sue to collect a time-barred debt. Accordingly, an FDCPA debt collector who brings or threatens to bring a State court foreclosure action to collect a time-barred mortgage debt may violate the FDCPA and Regulation F,

Regulation F prohibits a debt collector from suing or threatening to sue to collect a time-barred debt. Title 12 CFR 1006.26(b). "A debt collector who sues or threatens to sue a consumer to collect a time-barred debt explicitly or implicitly misrepresents to the consumer that the debt is legally enforceable, and that misrepresentation is material to consumers because it may affect their conduct with regard to the collection of that debt, including whether to pay it." 86 FR 5776, 5778 (Jan. 19, 2021). A debt collector's action to foreclose is still subject to FDCPA section 808(6) and Regulation F, Title 12 CFR 1006.22(e), which generally prohibits taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if the debt collector has no present right or intention to do so. Unless an exemption applies, the CFPB's mortgage servicing regulations require servicers to provide periodic statements to consumers. See Title 12 CFR 1026.41(a). This advisory role does not change, but seeks to clarify existing law.

The 9th Circuit acted on the CFPB's regulation to hold that a debt collector may not mislead a homeowner and claim that they may collect on the debt, even if the homeowner believes this or agrees with it. Adopting on this new federal regulation and the lower court's prevailing opinion that such time-barred debt is not collectible, The court in *Kasier v. Cascade Capital, LLC*, 989 F.3d 1127 (9th Cir. 2021) held that "mistakes about the time-barred status of a debt can be bona fide errors", and allowing a complaint to proceed under the FDCPA for misrepresenting that the loan was not time-barred. *Id.* at 1140. The *Kasier* Court is the first court to mention Regulation F, *Id*. at 1135. It referred to the final ruling applying strict liability, that "a debt collector that brings a lawsuit will have violated the FDCPA 'if a court ultimately determines that the debt was time barred,' " even if the debt collector previously believed in good faith that the statute of limitations had not expired. *Id*. at Regulation F." *Id*. There are also lower-federal court rulings pre Regulation F that do bar filing suits on time-barred claims. See *Martinez v. Albuquerque Collection Services*, 867 F.Supp. 1495, 1506 (D.N.M.1994), "A collection agency's attempts to collect on time-barred accounts violate the FDCPA."; *Beattie v. D.M. Collections, Inc.*, 754 F.Supp. 383, 393 (D.Del.1991), "[T]he threatening of a lawsuit which the debt collector knows or should know is unavailable or unwinnable by reason of a legal bar such as the statute of limitations is the kind of abusive practice the FDCPA was intended to eliminate."

The 2nd Amended Complaint flushes out the legal issues of collecting on the time-barred debt in the Rosenthal action pursuant to Civ.Code § 1788.30 and Title 15 U.S.C. §1692(e)(2). Plaintiff alleges these same statutory and regulatory violations as Negligence Per Se. (Declaration of Okorie Okorocha, ¶3). Because of these statutory and regulatory violations, Plaintiff seeks to cancel the now voidable written instruments used to foreclose on the time-barred dent pursuant to Civ. Code

§3412. Through a violation of California's Unfair Competition Act, Bus. & Prof.Code §17200 for a predicate violation of Civ.Code §2904 for failing to first pay off the 1st Deed of Trust, and adds in the violations of statutes and regulations in the Rosenthal cause of action.

b. Under the Continued Violation Doctrine, Defendant's Continued Foreclosure Action Tolled to 1 Year Statute of Limitations on Rosenthal Act Violations

Defendants have argued that the Rosenthal Act cause of action one year statute of limitations has run. However, Defendants have non-stop continued to pursue their collection action by foreclosing on the Subject Property. Under the continued violation doctrine, the entire time is tolled for statute of limitation purposes, and the Rosenthal Act cause of action is timely.

A defendant's statute of limitations defense is overcome by the continuing violation doctrine, permitting recovery " 'for actions that take place outside the limitations period if these actions are sufficiently linked to unlawful conduct within the limitations period.' " *Komarova v. National Credit Acceptance, Inc*., 175 Cal.App.4th 324, 343 (Cal. 2009). "[T]he key is whether the conduct complained of constitutes a continuing pattern and course of conduct as opposed to unrelated discrete acts.' " *Id.* The continuing violations doctrine applies to Rosenthal Action. *Id*. citing to *Joseph v. J.J. Mac Intyre Companies, L.L.C*. 281 F.Supp.2d 1156, 1160 (N.D.Cal. 2003).

Thus, Plaintiff's Rosenthal Act violation is timely filed, and Defendants Foreclosing invoked the continuing violation doctrine, Plaintiff's cause of action under Rosenthal is timely filed.

c. Defendants' Failure to Pay Off the Superior Lien of the First Deed of Trust Violates Civ.Code §2904 and Invalidates the Foreclosure Action

Before Defendants commenced their foreclosure, they failed to contact the

First Lien Deed of Trust to pay-off that debt.

Pursuant to Civ.Code §2904, “One who has a lien inferior to another, upon the same property, has a right: 1. To redeem the property in the same manner as its owner might, from the superior lien; and, 2. To be subrogated to all the benefits of the superior lien, when necessary for the protection of his interests, upon satisfying the claim secured thereby.” The statutory scheme concerning nonjudicial foreclosure contemplates that in order to protect its interest, a junior lienor must pay the trustor's obligation to the senior lienor. See *Arnolds Management Corp. v. Eischen*, 158 Cal. App.3d 575, 579 (Cal. 1984).

Defendants here violated Civ.Code §2904, which invalidates their foreclosure Action, and Further Supporting Plaintiff's Rosenthal Act cause of action.

Hence, Defendants' present foreclosure action on time-barred debt violates The Rosenthal Act, Civ.Code § 1788.30 and Title 15 U.S.C. § 1692(e)(2), the opinion *in Kasier*, 989 F.3d 1127; and also by failing to pay off the superior lien debt on the 1st Deed of Trust, violates Civ.Code §2904.

d. Defendants' Attempt to Collect a Long-Dormant Loan and Inflate the Amount Owed Constitutes Deceptive and Unfair Debt Collection Practices

Plaintiff's Rosenthal claim is based on Defendants' unfair and deceptive practices in attempting to collect a loan that had been inactive for more than a decade and inflating the amount owed by adding unjustified fees, penalties, and interest. Defendants' failure to communicate with Plaintiff for over 13 years and their sudden demand for over $112,000—when the original loan amount was $56,000—constitutes deceptive conduct in violation of the Rosenthal Act.

Defendants cannot ignore the fact that Green Tree Loan, the original loan servicer, informed Plaintiff that the loan had been forgiven or charged off. Plaintiff

reasonably relied on this communication, and for over a decade, Defendants made no attempt to collect on the loan or notify Plaintiff that it was still enforceable. The abrupt revival of the loan with inflated charges is inherently misleading and unfair, as it created the false impression that Plaintiff had an outstanding obligation when she had been led to believe otherwise.

Additionally, the excessive charges and interest added to the loan further demonstrate Defendants' deceptive practices. The Rosenthal Act prohibits debt collectors from misrepresenting the character, amount, or legal status of a debt. (12 CFR § 1006.18.) By demanding an amount that is far greater than what was originally owed and by failing to properly account for the period during which no payments were demanded, Defendants have violated the Rosenthal; Act's prohibition against misrepresentation of the amount of the debt.

e. Plaintiff Has Alleged Facts Showing that Defendants Engaged in Misleading and Deceptive Conduct

Defendants argue that Plaintiff has not sufficiently alleged any misleading or deceptive conduct on their part. However, Plaintiff's Second Amended Complaint (SAC) provides specific factual allegations detailing how Defendants engaged in deceptive and unfair practices in violation of the Rosenthal Act

Plaintiff alleges that:

i. In 2010, after filing for Chapter 7 bankruptcy, Green Tree Loan, the original loan servicer, informed her that the loan had been forgiven.

ii. For over 13 years, no loan statements or communications were received from Defendants or any prior loan servicer, leading Plaintiff to reasonably believe that the loan had been discharged or forgiven.

iii. In 2023, Defendants suddenly revived the loan and initiated foreclosure proceedings, demanding over $112,000, which was significantly higher than the original loan amount.

iv. Defendants added excessive interest, fees, and penalties without justification or proper notice to Plaintiff, further misleading her about the true status and amount of the loan.

These facts, taken as true for purposes of the Motion to Dismiss, establish that Defendants engaged in deceptive and misleading conduct by reviving a long-dormant debt and misrepresenting the amount owed. Debt collectors who engage in deceptive or misleading practices regarding the status or amount of a debt violate the FDCPA and, by extension, the Rosenthal Act. (See Title 12 CFR § 1006.18.)

Plaintiff has sufficiently alleged that Defendants' collection efforts were deceptive, and these allegations are sufficient to state a claim under the Rosenthal Act.

f. The Enforceability of the Loan Does Not Shield Defendants From Liability

Under the Rosenthal Act, Defendants' argument that the loan is enforceable until 2031 does not shield them from liability under the Rosenthal Act. The enforceability of the debt is not determinative of whether a debt collector's practices are misleading or unfair. A debt collector could still violate the FDCPA by attempting to collect a debt in a manner that misleads the consumer, regardless of the validity of the debt itself. (See Title 15 USC §1962e.)

Here, Defendants' conduct in reviving the loan, adding improper charges, and pursuing foreclosure without prior communication constitutes deceptive and misleading behavior under the Rosenthal Act. Whether or not the debt was enforceable until 2031 is irrelevant to the question of whether Defendants' actions were deceptive and unfair. Plaintiff has alleged that Defendants' actions caused her confusion and distress, which is precisely the type of harm the Rosenthal Act is designed to prevent.

Plaintiff has adequately pled a claim under the Rosenthal Fair Debt Collection Practices Act. Defendants' attempts to revive a long-dormant loan, misrepresent the amount owed, and initiate foreclosure proceedings after more than a decade of inaction constitute deceptive and misleading conduct in violation of the Rosenthal Act. The enforceability of the loan until 2031 does not shield Defendants from liability for their misleading and unfair practices. For these reasons, Defendants' Motion to Dismiss Plaintiff's Rosenthal Act claim should be denied.

4.

PLAINTIFF HAS STATED A VALID CLAIM FOR NEGLIGENCE PER SE

Defendants argue that Plaintiff's claim for negligence per se fails because negligence per se is not an independent cause of action under California law and that Plaintiff has not sufficiently alleged a breach of duty. Defendants also contend that Plaintiff cannot assert negligence per se without an underlying claim of ordinary negligence. However, Defendants misrepresent the nature of Plaintiff's claim and the application of the negligence per se doctrine. Plaintiff's negligence per se claim is based on Defendants' violations of statutory duties under the Rosenthal Act and the FDCPA. These statutes establish specific duties that Defendants failed to meet, and the violation of these duties is sufficient to support a claim for negligence per se.

Plaintiff has adequately pled that Defendants' statutory violations caused harm, and California law recognizes that statutory violations can serve as the basis for a negligence per se claim. Therefore, Defendants' Motion to Dismiss this claim should be denied.

a. Negligence Per Se is a Valid Theory of Liability Based on Defendants' Violations of the Rosenthal Act and FDCPA

Negligence per se creates a presumption of negligence when a defendant violates a statute, regulation, or ordinance, and the violation causes harm of the

type the statute was designed to prevent. Under California Evidence Code § 669, a plaintiff may establish negligence per se by showing that:

i. A statute, ordinance, or regulation was violated;

ii. The violation caused harm that the statute was designed to prevent;

iii. The plaintiff was part of the class of people the statute was intended to protect.

In this case, Plaintiff's negligence per se claim is not independent but is based on Defendants' violations of statutory duties under the Rosenthal Act and the FDCPA. These statutes impose specific duties on debt collectors to act in a fair and non-deceptive manner when collecting debts. Plaintiff has alleged that Defendants violated these duties by attempting to collect a loan that had been dormant for over a decade, misrepresenting the amount owed, and adding improper fees, interest, and penalties. The harm Plaintiff suffered—threatened foreclosure, financial distress, and emotional suffering—is precisely the type of harm the Rosenthal Act and FDCPA are intended to prevent.

Statutory violations can form the basis of a negligence per se claim. See *Galvez v. Frields*, 88 Cal.App.4th 1410, 1420 (Cal. 2001). If the party seeking to prove negligence per se establishes a presumption of negligence, the burden then shifts to the other party to rebut the presumption by proof that, among other things, "[t]he person violating the statute, ordinance, or regulation did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law … ." Evid. Code, § 669, subd. (b)(1).)

Plaintiff's claim is squarely within this framework, and Defendants' argument that negligence per se is not actionable here is without merit.

//

//

b. Defendants Violated Statutory Duties Under the Rosenthal Act and FDCPA

Defendants' conduct in attempting to revive a long-dormant loan and adding unjustified fees and interest violates the statutory duties imposed by the Rosenthal Act and FDCPA. These statutes are intended to protect consumers like Plaintiff from unfair and deceptive debt collection practices. Under these laws, debt collectors have a duty to act in a fair and transparent manner, to avoid misleading representations about the amount of the debt, and to refrain from collecting on time-barred or improperly revived debts.

The Rosenthal Act and by extension, the Rosenthal Act —prohibits debt collectors from engaging in deceptive and unfair practices. (5 U.S.C. § 1692e.) Debt collectors must comply with the FDCPA's requirements in their dealings with consumers, and violations of these requirements can support a claim for statutory damages and other relief. In the present case, Defendants failed to meet their statutory duties by:

i. Attempting to collect a loan that had not been pursued for more than a decade;

ii. Misrepresenting the amount owed by adding improper fees, penalties, And interest;

iii. Failing to provide adequate notice of the loan's status for over 13 years, which led Plaintiff to reasonably believe that the loan had been forgiven or charged off. These statutory violations are sufficient to establish negligence per se, as Defendants' conduct directly contravened the duties imposed by the R Rosenthal Act and FDCPA. Plaintiff's claim is thus not dependent on ordinary negligence but on Defendants' failure to comply with statutory requirements designed to protect consumers from precisely this type of harm.

//

c. Plaintiff Has Sufficiently Alleged Causation and Harm To Establish a Claim for Negligence Per Se

Plaintiff must show that Defendants' statutory violations caused the harm suffered. See *Galvez,* 88 Cal.App.4th at 1420. Plaintiff has adequately alleged that Defendants' conduct in attempting to collect the long-dormant loan and misrepresenting the amount owed caused her significant harm. Specifically,

Plaintiff alleges that she was:

i. Threatened with foreclosure on her home based on a debt she believed Had been forgiven;

ii. Subjected to financial distress due to the sudden revival of the loan With inflated charges;

iii. Deprived of the opportunity to resolve the issue earlier, as Defendants Failed to communicate with her for over a decade.

These allegations demonstrate that Defendants' statutory violations were the proximate cause of Plaintiff's harm. Negligence per se applies when a statutory violation causes harm of the type the statute was intended to prevent. (Cal. Evid. Code, § 669, subd. (b)(1).) Here, the Rosenthal Act and FDCPA are designed to protect consumers from unfair debt collection practices, including the type of harm Plaintiff suffered due to Defendant' misconduct. Plaintiff's harm is therefore directly linked to Defendants' statutory violations.

Plaintiff has adequately stated a claim for negligence per se based on Defendants' violations of the Rosenthal Act and FDCPA. Defendants' argument that negligence per se cannot serve as an independent cause of action misunderstands the nature of Plaintiff's claim, which is based on statutory violations. Plaintiff has sufficiently alleged that Defendants violated statutory duties owed to her as a consumer, and that these violations caused her harm. Therefore, Defendants' Motion to Dismiss Plaintiff's negligence per se claim should be denied.

5.

PLAINTIFF HAS STATED A VALID CLAIM FOR CANCELLATION OF WRITTEN INSTRUMENTS

Defendants argue that Plaintiff's claim for cancellation of written instruments should be dismissed because Plaintiff has failed to show that the foreclosure-related documents—such as the Notice of Default and Notice of Trustee's Sale—are void or voidable. Defendants also assert that Plaintiff has not sufficiently alleged any defect or invalidity in the underlying loan or the foreclosure process. However, Defendants overlook the fundamental basis of Plaintiff's claim, which is that the underlying debt upon which the foreclosure is based has been either forgiven or rendered unenforceable due to the actions of Defendants' predecessors. The validity of the foreclosure instruments is directly tied to the enforceability of the underlying loan, which Plaintiff has sufficiently alleged to be voidable due to Defendants' and their predecessors' actions and misrepresentations.

a. California Law Provides for the Cancellation of Foreclosure Documents Based on an Invalid or Voidable Debt

Under California Civil Code § 3412, a written instrument may be canceled if it is void or voidable and may cause serious injury if allowed to remain outstanding. Plaintiff's claim is that the foreclosure instruments recorded by Defendants are voidable because the underlying loan was either forgiven or discharged and has not been pursued for over a decade.

Plaintiff alleges that, after filing for Chapter 7 bankruptcy in 2010, Green Tree Loan, the original servicer of the second loan, notified Plaintiff that the loan had been forgiven. Based on this representation, Plaintiff reasonably believed that the loan was no longer enforceable, and for over 13 years, Defendants and their predecessors took no action to pursue collection on the loan. The sudden revival of

the loan by Defendants in 2023 and the subsequent foreclosure proceedings are based on a debt that Plaintiff reasonably believed had been extinguished. This makes the foreclosure-related documents voidable, as they are premised on the enforcement of a loan that may no longer be valid.

A borrower has standing to challenge the validity of a foreclosure when the foreclosure is based on a void or invalid assignment of the underlying debt. See *Yvanova v. New Century Mortgage Corp*. 62 Cal.4th 919 (Cal. 2016) Similarly, Plaintiff in this case challenges the validity of the foreclosure instruments on the basis that the underlying loan is voidable. Plaintiff is entitled to seek cancellation of the written instruments under California law, and her claim is therefore properly pled.

b. The Loan's Validity Is in Question, Which Makes the Foreclosure Instruments Voidable

If the underlying loan is determined to be invalid or unenforceable, then the foreclosure instruments—such as the Notice of Default and Notice of Trustee's Sale—are voidable. Defendants cannot foreclose on a property based on a debt that is either time-barred or extinguished due to their own inaction or misrepresentations. Under California law, foreclosure documents that are recorded based on an invalid debt may be canceled to prevent serious harm to the borrower. See *Bank of America v. La Jolla Group II*, 129 Cal.App.4th 706 (Cal. 2005).

The same principle applies here: if the loan is voidable due to Defendants' conduct, then the foreclosure documents that are based on that loan are likewise voidable. Plaintiff has sufficiently alleged that the loan is no longer enforceable, and therefore, the foreclosure-related documents are subject to cancellation.

12. Defendants' Case Law Is Distinguishable and Does Not Apply to This Case

Defendants may rely on cases such as *Ephraim v. Metropolitan Trust Co. of California*, 28 Cal. 2d 824 (Cal. 1946), and *Zendejas v. GMAC Wholesale Mortg.*

*Corp*., No. 10-CV-184 (E.D. Cal. 2010), to argue that Plaintiff must show fraud or mistake to cancel the foreclosure documents.

However, these cases are distinguishable from the present situation. Plaintiff is not alleging fraud or mistake as the basis for canceling the foreclosure instruments but rather that the documents are voidable because they are based on a loan that is no longer enforceable.

Plaintiff challenges the foreclosure documents here on the grounds that the debt upon which they are based was forgiven or abandoned, and the foreclosure is therefore improper. Defendants' reliance on cases involving fraud or mistake is inapplicable to Plaintiff's claim, which focuses on the invalidity of the debt itself. The foreclosure-related documents, including the Notice of Default and Notice of Trustee's Sale, are voidable because they are based on an invalid or unenforceable debt. Plaintiff faces serious injury if these documents remain outstanding, as Defendants are attempting to foreclose on her home based on a loan that she reasonably believed had been forgiven. Defendants' arguments to the contrary misstate the legal standard and fail to address the fundamental issue of the loan's enforceability. For these reasons, Defendants' Motion to Dismiss Plaintiff's claim for cancellation of written instruments should be denied.

6.

PLAINTIFF HAS STATED A VALID CLAIM UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 (UNFAIR COMPETITION LAW - UCL)

Plaintiff has sufficiently alleged claims under the Rosenthal Act and for negligence per se, among others.

Additionally, the UCL provides an independent basis for relief based on Defendants' unfair and unlawful business practices, which are actionable regardless of whether Plaintiff's other claims succeed. (California Business and Professions Code § 17200 et seq.) The UCL's broad scope allows for claims based

on a variety of unfair or unlawful conduct and Plaintiff has sufficiently alleged. facts demonstrating Defendants' improper debt collection practices and foreclosure efforts.

a. The UCL's Broad Scope Encompasses Defendants' Unlawful, Unfair, And Fraudulent Business Practices

California's UCL prohibits any unlawful, unfair, or fraudulent business act or practice. (California Business and Professions Code § 17200.) Despite use of the term "Competition," the Unfair Competition Law is not confined to anticompetitive business practices; it is also directed toward the public's right to protection from fraud, deceit, and unlawful conduct. See *Hewlett v. Squaw Valley Ski Corp.*, 54 Cal.App.4th 499, 519. (Cal. 1997) The prohibition against "unfair, deceptive, untrue or misleading advertising" is duplicative of the prohibition against "fraudulent" businesses practices. Similarly, violations of the FAL (described below) would also be considered "unlawful," "unfair," and/or "fraudulent." The overlap of the various laws and doctrines normally means that any civil action brought alleges violations of both.

A misrepresentation is material if a reasonable person would attach importance to its existence or nonexistence in determining her choice of action in the transaction in question. See *Chapman v. Skype Inc*. 220 Cal.App.4th 217, 226-29. (Cal. 2013). Materiality is generally a question of fact, unless the fact misrepresented is so obviously unimportant that no jury could reasonably find that a reasonable person would have been influenced by it. *Id*. Thus, for pleading purposes, reliance is alleged if a misrepresentation is alleged that is not so obviously unimportant that a reasonable person would not have been influenced by it. *Id.*

Plaintiff has sufficiently stated a claim under California Business & Professions Code § 17200 (the UCL) by alleging that Defendants engaged in unlawful, unfair, and fraudulent debt collection and foreclosure practices.

Plaintiff has sufficiently alleged that Defendants' debt collection practices violated the Rosenthal Act and the federal Fair Debt Collection Practices Act (FDCPA), both of which are unlawful practices that support a claim under the UCL. A violation of any statute can form the basis for a UCL claim under the "unlawful" prong.

Defendants' conduct—specifically their attempt to collect on a loan that had not been pursued for over a decade, their failure to communicate with Plaintiff about the status of the loan for 13 years, and their misrepresentation of the amount owed—violates the Rosenthal Act and FDCPA. As discussed in Section B of this opposition, Plaintiff has adequately alleged that Defendants' actions were misleading and deceptive, and that these statutory violations caused her harm. Defendants' attempt to revive a long-dormant loan, which Plaintiff believed had been forgiven, and their efforts to collect inflated fees and penalties on this loan, is the type of oppressive and unethical conduct that the UCL seeks to prevent. Defendants' failure to communicate with Plaintiff for over a decade, followed by a sudden attempt to foreclose on her home, is a clear example of unfair conduct that causes substantial injury to consumers.

Defendants' conduct violated the Rosenthal Act and FDCPA, caused significant harm to Plaintiff, and is likely to deceive the public. Therefore, Plaintiff's UCL claim is properly pled, and Defendants' Motion to Dismiss this claim should be denied.

## 7.

## IF LEAVE TO AMEND IS NECESSARY, IT SHOULD BE LIBERALLY GRANTED

Defendants argue that Plaintiff should not be granted leave to amend the Second Amended Complaint contend that any further amendment would be prejudicial, cause undue delay, or be futile. However, the Federal Rules

of Civil Procedure and case law strongly favor granting leave to amend unless there is a clear showing of undue prejudice, bad faith, or futility.

Dismissal is inappropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling plaintiff to relief." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). A pro se complaint should be dismissed only if it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Akao v. Shimoda*, 832 F.2d 119, 120 (9th Cir.1987). A district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). "[A] dismissal must be reversed unless it appears to a certainty that the plaintiff is entitled to no relief under any set of facts that could be proved." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1155 (9th Cir.1989).

III.

CONCLUSION

Based upon the foregoing, this court should deny Defendants' motion to dismiss, and order them to answer the 2nd Amended Complaint.

Dated this 15th day of September, 2024

/S/ Okorie Okorocha

______________________________

Okorie Okorocha, Esq.

Attorney for Plaintiff Linda C. Love