Robert W. Norman, Jr. (SBN 232470)
Alexandra Coronado King (SBN 346621)
HOUSER LLP
9970 Research Drive
Irvine, California 92618
Telephone: (949) 679-1111
Facsimile: (949) 679-1112
E-Mail: bnorman@houser-law.com
E-Mail: acoronadoking@houser-law.com

Attorneys for Defendants,
Newrez LLC (fka Specialized Loan Servicing LLC), *erroneously sued as Specialized Loan Servicing, L.L.C*, and FirstKey Master Funding 2021-A Collateral Trust, U.S. Bank Trust National Association as Collateral Trust Trustee, *erroneously sued as FirstKey Funding 2021-A U.S. Bank Trust National Association*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA C. LOVE,<br><br>        Plaintiff,<br><br>    v.<br><br>AFFINIA DEFUALT SERVICES, L.L.C.; SPECIALIZED LOAN SERVICING, L.L.C; FIRSTKEY FUNDING 2021-A U.S. BANK TRUST NATIONAL ASSOCIATION; and DOES 1-20, inclusive<br><br>        Defendants. | **Case No.: 5:23-cv-01804-FLA-SHK**<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>**[Fed. R. Civ. P. 12(b)(6)]**<br><br>Hearing -<br>Date: October 4, 2024<br>Time: 1:30 p.m.<br>Place: First Street Courthouse, 350 W. 1st Street, Courtroom 6B, 6th Floor, Los Angeles, California 90012<br><br>Case Filed: September 5, 2023<br>SAC Filed: August 19, 2024 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Defendants Newrez LLC (fka Specialized Loan Servicing LLC), *erroneously sued as Specialized Loan Servicing, L.L.C* ("Newrez") and FirstKey Master Funding 2021-A Collateral Trust, U.S. Bank Trust National Association as Collateral Trust Trustee, *erroneously sued as FirstKey Funding 2021-A U.S. Bank Trust National Association* (the "Trust" and collectively, "Defendants"), reply to the untimely Opposition [Dkt. 84]  ("Opposition") filed by plaintiff Linda C. Love ("Plaintiff") as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This case, despite Plaintiff's lengthy and convoluted Opposition, is fundamentally straightforward. In 2010 Plaintiff received a Chapter 7 Bankruptcy Discharge. Plaintiff kept the subject property but stopped making mortgage payments for over a decade. While Plaintiff is no longer personally liable because the debt was discharged, the discharge did not extinguish Defendants' in rem right to foreclose on the subject property against which it holds a valid lien.

In her Opposition, Plaintiff fails to substantively address the issues raised in Defendants' Motion to Dismiss [Dkt. 84] (the "Motion"). Instead, Plaintiff presents a confusing narrative and attempts to invalidate the Loan based on several unsupported and legally flawed theories. Plaintiff's Complaint fails as a matter of law for multiple reasons. First, her claims are primarily based on Plaintiff's personal belief that the Loan was forgiven. However, this conclusion is barred by the statute of frauds, which requires such agreements to be in writing. Second, Plaintiff fails to plead sufficient facts against Defendants to meet the minimum pleading standard required to allege violations of the Rosenthal Act or the Federal Debt Collection Practices Act. Third, Plaintiff cannot state a negligence per se claim because there is no underlying negligence claim. Fourth, Plaintiff's cancellation of instruments claim fails because she does not allege that the instruments are void or voidable, which is a necessary element of this claim. Finally, Plaintiff's claim for violation of

Business and Professions Code §17200 fails both as a derivative of the other failed claims and because she lacks standing.

In sum, Plaintiff fails to address these fundamental legal deficiencies, and instead relies on unsupported assertions and misinterpretations of law that do not withstand legal scrutiny. Defendants respectfully request this Court dismiss this lawsuit with prejudice.

## II.    THE MOTION SHOULD BE GRANTED

### A. Loan Forgiveness versus a Bankruptcy Discharge

In the Opposition Plaintiff attempts to mislead the court by using the terms "forgiven" and "discharged" interchangeably when asserting why the Loan is supposedly uncollectible. However, these words carry distinct meanings and should not be used interchangeably.

Loan forgiveness refers to the cancellation of all or a portion of a borrower's outstanding loan balance. A bankruptcy discharge, on the other hand, does not result in "loan forgiveness." A bankruptcy discharge under section 727 of Title 11, United States Code, is a legal order that releases a debtor from *personal liability* for certain debts. As a matter of law, a bankruptcy discharge does not completely extinguish a creditor's in rem rights to foreclose on the property against which it holds a lien (*see Johnson v. Home State Bank*, 501 U.S. 78, 82–83 (1991); *Long v. Bullard*, 117 U.S. 617, 620–21 (1886)). To clarify, the Loan was discharged, not forgiven.

### B. The Statue of Frauds Bars Plaintiff's Claims

Plaintiff argues that Defendant is misapplying the statute of frauds doctrine because her claims are not based on a modification of the Loan agreements, but rather on a misrepresentation allegedly made by Defendants. (Opposition at 11:12-22). Plaintiff's argument is flawed for two reasons. First, Plaintiff alleges that Green Tree Loan, the prior servicer, not Defendants, represented to her that the Loan was forgiven. (Opposition at 12: 3-10). In fact, Plaintiff admits that Newrez notified her in 2021 that the Loan existed and was in default. (SAC, ¶ 28). Plaintiff fails to allege

DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS

how the prior servicer's representation is a representation made by Defendants.

Regardless of who made the representation, any representation that the Loan was forgiven is a modification to the terms of the Note and Deed of Trust, and as a matter of law, is required to be in writing. As explained in the Motion, modifications to the Note and Deed of Trust are subject to the statute of frauds. *Secrest v. Security National Mortgage Loan Trust 2002-2*, 167 Cal. App. 4th 544 (Cal. 2008), and *Karlsen v. American Sav. & Loan Assn.*, 15 Cal. App. 3d 112 (Cal. 1971).

Plaintiff is wrong that *Secrest v. Security National Mortgage Loan Trust 2002-2* and *Karlsen v. American Sav. & Loan Assn* are distinguishable. *Secrest* discusses an agreement by a lender to forbear from exercising the right of foreclosure under a deed of trust is a modification of a contract subject to statute of frauds. *Secrest v. Security National Mortgage Loan Trust 2002–2* (2008) 167 Cal.App.4th 544, 547, 552–553. *Karlsen* focused on the principle that a contract in writing may not be altered by an executory oral agreement. *Karlsen v. American Sav. & Loan Assn.* (1971) 15 Cal.App.3d 112, 120–121. The Court in *Karlsen* held an agreement by a lender to abstain from foreclose under deed of trust comes within statute of frauds, and a gratuitous oral promise not to foreclose is unenforceable. *Id.*

Both of these cases support Defendant's position that whether it was an oral representation that the Loan was forgiven or an agreement to not pursue the in rem remedy available through the Deed of Trust, this agreement as a matter of law altered the parties' obligations to the Deed of Trust and needed to be in writing. Notably, Plaintiff does not request leave to amend in order to allege the existence of a written loan forgiveness agreement. This omission strongly suggests that any further amendment would be futile, as it implies no such written agreement exists.

Plaintiff raises an equitable estoppel argument, contending that the doctrine of equitable estoppel prevents barring Plaintiff's claims because Green Tree Loan's communication misrepresented the status of the Loan. (Opposition at 12:17 – 13:13). Again, Plaintiff is arguing that a representation was made by Green Tree,

DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS

1  not Defendants. Plaintiff fails to explain how Defendants are liable for any
2  misrepresentation by Green Tree Loan.

3         Consequently, Defendants retain the contractual right to enforce the terms of
4  the Note and Deed of Trust, including proceeding with a nonjudicial foreclosure.
5  For this reason, any claims premised on "loan forgiveness" should be dismissed
6  with prejudice because this theory is barred by the statute of frauds.

7         **C. Plaintiff's Claim for Violation of the Rosenthal Fair Debt Collection**
8             **Practice Act, Civ. Code § 1788.30 Fails as Matter of Law**

9         In the Opposition, Plaintiff makes inapplicable arguments and fails to
10  substantively respond to Defendants' arguments. Plaintiff contends that sufficient
11  facts are pled to survive the Motion, citing three main theories: a representation
12  from Green Tree renders the Loan uncollectible; the absence of collection efforts
13  until 2023 led Plaintiff to believe the Loan didn't exist and making accrued interest
14  and fees improper; and Regulation F prohibits a debt collector from collecting on a
15  time-barred debt. However, each of these theories is fundamentally flawed and
16  unsupported by facts or law.

17        First, any representation that the Loan was forgiven must be in writing to
18  satisfy the statute of frauds, a point Plaintiff overlooks. Second, Plaintiff's reliance
19  on a Consumer Financial Protection Bureau advisory opinion is misplaced and fails
20  to address the case at hand. Plaintiff acknowledges that the advisory opinion
21  discusses debt collectors "suing or threatening to sue" on "time-barred debt"
22  (Opposition at 16:4 – 17:21). However, Plaintiff provides no facts that Defendants
23  have engaged in such actions. The Opposition fails to establish how Defendants'
24  non-judicial foreclosure constitutes a threat to sue or how the loan qualifies as time-
25  barred debt.

26        Moreover, Plaintiff's Opposition fails to address Defendants' argument that
27  the Loan is enforceable until 2031 and that the Loan is not time barred under a 4-
28  year statute of limitations. Because Plaintiff has not responded to these issues and

arguments, Plaintiff concedes to it. *See, e.g., Tyler v. Travelers Com. Ins.* Co. (N.D. Cal. 2020) 499 F. Supp. 3d 693, 701 ("Plaintiff concedes these arguments by failing to address them in her opposition."); *Conservation Force v. Salazar* (N.D. Cal. 2009) 677 F. Supp. 2d 1203, 1211 ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived.").

Finally, Plaintiff misunderstands the implications of her bankruptcy discharge. The discharge does not prevent the accrual of interest and fees on the Loan, nor does it invalidate *in rem* remedies. Plaintiff fails to cite any legal authority requiring Defendants to communicate about the Loan post-discharge or to initiate foreclosure within a specific timeframe. Additionally, Plaintiff's Opposition lacks specificity regarding which sections of the Rosenthal Act and FDCPA Defendants allegedly violated. The Opposition merely reiterated the bare legal conclusions present in the Complaint.

Plaintiff's arguments are legally and factually unsupported and fail to establish a violation of the Rosenthal Act or the FDCPA. This claim should be dismissed with prejudice.

**D. Plaintiff Fails to State  Claim for Negligence Per Se**

As discussed in the Motion, Plaintiff's negligence per se claim fails as a matter of law because negligence per se is an evidentiary presumption and this presumption does not create a cause of action distinct from negligence. Instead, "an underlying claim of ordinary negligence must be viable" before the presumption of negligence under § 669 can be employed. *See Hutchins v. Nationstar Mortg. LLC*, 2017 WL 2021363, at *3 (N.D. Cal. May 12, 2017).

In the Opposition, Plaintiff argues at length that alleged violations of the Rosenthal Act and the Fair Debt Collection Practices Act provide a basis for a negligence per se claim. However, this argument is flawed. First, Plaintiff has not established any violation of the Rosenthal Act or Fair Debt Collection Practices Act. As discussed above and in the Motion, Defendants did not lose their *in rem* remedy,

and Plaintiff fails to cite any authority that required Defendants to act more quickly in exercising their rights under the Note and Deed of Trust.

Notably absent from both the Opposition and Complaint is a claim of ordinary negligence. Because Plaintiff has not responded to these issues and arguments, Plaintiff concedes to them. *See, e.g., Tyler v. Travelers Com. Ins. Co.* (N.D. Cal. 2020) 499 F. Supp. 3d 693, 701 ("Plaintiff concedes these arguments by failing to address them in her opposition."); *Conservation Force v. Salazar* (N.D. Cal. 2009) 677 F. Supp. 2d 1203, 1211 ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived.").

For these reasons and the reasons stated in the Motion, this claim should be dismissed with prejudice.

## E. <u>Plaintiff Fails to State a Claim for Cancellation of Written Instruments</u>

Plaintiffs seek to set aside the Notice of Default and Notice of Trustee's Sale based on a conclusion that the instruments are "voidable or void ab initio," because the Loan is allegedly invalid (Opposition at 26:4-18). However, Plaintiff's unsupported conclusion, that the Loan is invalid, does not make the instruments void or voidable. Therefore, this claim fails and should be dismissed with prejudice.

## F. <u>Plaintiff Fails to State a Claim for Violation of Business and Professions Code §17200</u>

The Opposition fails to establish an underlying cause of action or Plaintiff's standing to bring an action under the UCL. The Opposition simply concludes Defendants had "both unfair and unlawful business practices." As the prior claims fail, there is no dispute, this claim fails as well and should be dismissed with prejudice.

Moreover, Plaintiff fails to sufficiently address the UCL standing issue raised in Defendants' Motion. Plaintiff has not plead an economic injury or loss of money or property as a result of Defendants' alleged misconduct. The Property has not

DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS

been sold and Plaintiff has not made a payment on the Loan since 2010, so Plaintiff lacks standing to raise a UCL claim.

### G. Leave to Amend Should be Denied

Plaintiff contends that leave to amend should be granted, yet fails to specify any new facts she intends to plead that would support her assertion of the Loan's invalidity. This omission undermines the potential merit of any proposed amendment. Additionally, Plaintiff neglects to counter Defendants' argument regarding the practical implications of further amendments. Specifically, additional leave to amend would significantly constrain Defendants' ability to conduct thorough discovery, file a responsive pleading, and adequately prepare for summary judgment. Further amendment would also directly conflict with the Court's established schedule, potentially compromising the orderly progression of the case. The Court should deny leave to amend.

## III.   CONCLUSION

For the foregoing reasons, the Motion should be granted, and Plaintiff's Complaint should be dismissed with prejudice.

Dated: September 20, 2024                **HOUSER LLP**

                                            /s/  *Robert W. Norman*

Robert W. Norman, Jr.
Alexandra Coronado King
Attorneys for Defendants,
Newrez LLC (fka Specialized Loan Servicing LLC), *erroneously sued as Specialized Loan Servicing, L.L.C*, and FirstKey Master Funding 2021-A Collateral Trust, U.S. Bank Trust National Association as Collateral Trust Trustee, *erroneously sued as FirstKey Funding 2021-A U.S. Bank Trust National Association*

DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 9970 Research Drive, Irvine, CA 92618.

On September 20, 2024 I served the following document(s) described as follows:

**DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

On the following interested parties in this action:

Okorie Okorocha
Okorocha Firm
117 East Colorado Boulevard Suite 465
Pasadena, CA 91105
310-497-0321
Fax: 626-340-4141
Email: OO@OOESQ.COM
Attorney for Plaintiff, *Linda C. Love*

Nabeel M Zuberi
McCalla Raymer Leibert Pierce, LLP
301 East Ocean Boulevard Suite 1720.
Long Beach, CA 90802
562-983-5378
Email: Nabeel.Zuberi@McCalla.com
Attorney for Defendant, *Affina Default Services, LLC*

☒    E-FILING—By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury, under the laws of the United States that the foregoing is true and correct.

Executed on September 20, 2024 at Irvine, California.

_____
Sherie L. Cleere